CHARLES B. LEITNER, plaintiff in error, *vs.* L. H. MILLER, defendant in error.

1.  Suit was brought against the maker and indorser of a promissory note, dated August 29th, 1866.   The maker pleaded that the payee and in‑dorser of the note was his wife at the time the note was executed, and had no separate estate.   The indorser specially pleaded the same. The suit was discontinued as to the indorser.   On demurrer, the plea of the maker was stricken by the Court:

*Held,* That this was not error, and that the husband was liable to the plaintiff, either as bearer, if the wife was not legally competent to make the indorsement, or as indorsee, if she was; and any defect as to the character in which he sued was amendable, and is cured by the verdict. And the more especially is the husband liable in this case, as the plea does not charge, nor was it offered to be proved, that the plaintiff had knowledge that the payee and indorser was a married woman, and it appears that he was the holder of the note before its maturity.

2.  Although plaintiff's name may be on the back of the note sued on, he may recover against the maker, as the law will presume, in the absence of proof to the contrary, that an indorsement by him was never com-

pleted by delivery, or if he had delivered it so indorsed, that he had taken it up, and was again the legal holder or indorsee.

Husband and wife. Promissory notes. Indorsement. Pleading. Presumption. Before Judge JOHNSON. Talbot Superior Court. March Term, 1873.

L. H. Miller brought complaint against Charles B. Leitner, as principal, and Sarah A. Leitner, as indorser, on the following note:

"$150.00          MACON, GEORGIA, August 29th, 1866.

"Sixty days after date, I promise to pay S. A. Leitner, or bearer, one hundred and fifty dollars, at Nutting, Powell & Company's office, in Macon Georgia. Value received. Interest from date.          (Signed)          "C. B. LEITNER."

Indorsed.
          "S. A. LEITNER.
          "J. V. H. ALLEN, Treasurer.
          "L. H. MILLER.
"Pay I. C. PLANT, or order, for collection."

The defendant Sarah A. Leitner, pleaded that, at the date of the making of the note and of the indorsement on which she was sued, she was the wife of the defendant, Charles B. Leitner, and had no separate estate whatever.

The defendant, Charles B. Leitner, made the same defense. The case was discontinued as to Sarah A. Leitner. The plaintiff demurred to the plea of the remaining defendant. The demurrer was sustained and the defendant excepted. The case then went to the jury upon the plea of the general issue.

The plaintiff introduced his note, and testified that it came into his possession in September, 1866, before maturity; that he received it, with other papers, in settlement for goods sold the National Express Company; that he took it at its full face value, without any notice of any defect or any possible pretext for non-payment at maturity.

The plaintiff closed. The defendant moved for a non-suit

on the ground that the plaintiff had shown title out of himself by his indorsement on the note sued on. The motion was overruled and the defendant excepted.

The defendant proposed to prove substantially the same facts as were set forth in his plea, which was stricken on demurrer. This the Court refused to allow and he excepted.

The jury found for the plaintiff. The defendant assigns error upon each of the aforesaid grounds of exception.

E. H. WORRILL; M. H. BLANDFORD, for plaintiff in error.

WILLIS & WILLIS, by HENRY L. BENNING, for defendant.

TRIPPE, Judge.

1. The note was executed in March, 1866, payable to Sarah A. Leitner, or bearer. It was indorsed in blank by S. A. Leitner. Both maker and indorser were sued, but the action was dismissed as to the indorser. If she was not legally competent to make the indorsement, then plaintiff's right of action as bearer was good, so far as the facts of the case show. It was not proven that the plaintiff knew that the payee was the wife of the maker, nor was it so pleaded, nor even that he knew she was a married woman, or that he knew the note was made for accommodation. Moreover, it appears that he was the holder of the note before its maturity. If there was any defect as to the character in which the plaintiff sued, to-wit: as indorsee, instead of bearer, it did not go to the merits, was amendable on motion and cured by the verdict.

2. Although the plaintiff's name was on the back of the note, the presumption is that an indorsement was not perfected by delivery, or that if it was, he had taken it up and was again the legal holder.

No right was claimed for the defendant below as to any equity or legal claim, growing out of the fact that the title was not in the plaintiff, and was in some other person.

Judgment affirmed.