## BOLTON *vs.* DUNCAN.

Where a landlord negotiated a rent note by an indorsement, which stated that he should collect the rents and pay them to the transferee, he still retaining possession thereof, a distress warrant would lie in his favor against the tenant.

Distress warrant. Landlord and tenant. Before Judge CRISP. Lee Superior Court. March Term, 1878.

Reported in the decision.

WARREN & HOBBS, for plaintiff in error, cited 46 *Ga.*, 394; Code, Sup., §337; 1 *Kelly*, 312, 313; 26 *Ga.*, 395; 9 *Ib.*, 589.

C. B. WOOTEN; WOOTEN, JONES & DAVIS, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from a justice court on the hearing of which the court sustained the *certiorari*. It appears from the return of the magistrate and the evidence in the record, that Bolton had sued out a distress warrant against Duncan on the following instrument, with the following entries thereon :

" By the first of October next, we, or either of us, promise to pay Turner & Bolton, or bearer, nine hundred pounds

of lint cotton, to class good ordinary, and to be delivered in Albany.   January 15th, 1877.

·  (Signed)                                    MOSES DUNCAN,
                                               GUS. WASHINGTON."

"I transfer the within note to J. H. Bolton, to do as he pleases with it, 16th March, 1877.

    (Signed)                                    H. R. TURNER."

" Albany, Ga., March 17th, 1877.   For value received, I transfer the within note to N. F. Mercer, with all the powers vested in me as landlord, to take control of and act in any capacity as landlord, etc., and I am to collect the rents and pay proceeds to him.      (Signed)        J. H. BOLTON."

It also appears from the evidence in the record, that Turner & Bolton were co-landlords, and that in division of the rents, the note distrained on was given for rent of part of their lands, and was transferred, as appears by the transfer of Turner, to Bolton.   The court below sustained the *certiorari* on the ground that the remedy by distress warrant did not lie in favor of Bolton, he having transferred and assigned the rent note on which the distress warrant was based.   Whereupon the defendant in *certiorari* excepted.

The indorsement of Bolton on the note was not an absolute, but a qualified indorsement.   If he had made an absolute indorsement of the note, and had delivered it to Mercer, he would have become liable for the payment of it as such indorser, but it is evident from the terms of the indorsement that such was not his intention, nor the legal effect of it.   Bolton retained possession of the note, was to control it, collect it, and pay the proceeds thereof to Mercer, so as to protect himself from liability.   See *Leitner vs. Miller*, 49 *Ga.*, 486.   In view of the facts disclosed in the record, the court erred in sustaining the *certiorari*.

Let the judgment of the court below be reversed.