## BOMAR *v.* EQUITABLE MORTGAGE COMPANY.

The payee of a promissory note, in possession of the same, is presumed to own it, although his indorsement thereon, in full or in blank, may stand uncanceled. He may sue upon such note, and his title to the same can not be inquired into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make.

Argued April 27, — Decided July 9, 1900.

Complaint. Before Judge Janes. Douglas superior court. May term, 1899.

*Lavender R. Ray*, for plaintiff in error.

*Payne & Tye*, *J. A. Noyes*, and *J. S. James*, contra.

Fish, J.    The Equitable Mortgage Company brought suit against Parker M. Bomar upon two promissory notes, one being for the principal sum due and the other being an interest coupon note.    Both notes were payable to the order of the plaintiff.    When the notes were offered in evidence by the plaintiff upon the trial, the following entry appeared upon the back of the principal note:  "American Loan and Trust Company, trustee for debenture-holders under agreement with Equitable Mortgage Company, October 15, 1896.    Equitable Mortgage Company, by Chas. B. Hobbs, assistant treasurer."    The defendant objected to the notes going in evidence, "because it appeared from the indorsement, upon the principal note, that the plaintiff had parted with its title to said notes before the filing of said suit, and that the right of action was in the American Loan and Trust Company, trustee, and not in said plaintiff."    The objection was overruled, and the notes admitted in evidence.    Defendant excepted and assigned error upon this ruling of the court.    We are of opinion that there is no merit in the exception.    The note was in possession of the payee, and the presumption was that it was the owner, notwithstanding its indorsement upon the note stood uncanceled, and it had a right to sue thereon in its own name.    In Dugan *v.* United States, 3 Wheat. 172, it was held, "That if any person who endorses a bill of exchange to another, whether for value, or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more endorsements in full, subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsees, whose names he may strike from the bill, or not, as he may think proper."    In Daniel on Negotiable Instruments, § 1198, the rule is stated to be that, "Where there appears on the paper the plaintiff's own endorsement, it will be presumed either that he had not perfected his endorsement by delivery, or that the paper has been returned to him as his own property, and in either case he has the right to

sue upon it." In 2 Randolph on Commercial Paper, § 717, the author says: "The payee's possession of a bill or note is prima facie evidence of title in him, notwithstanding his own endorsement is erased ; and even, it has been held, notwithstanding his own special endorsement, or endorsement in blank, uncanceled." To the same effect, see 3 Rand. Com. P. § 1645, and 4 Am. & Eng. Enc. L. 280. There are numerous adjudicated cases, to this effect, cited by the authorities above referred to, and there can be no question that the great weight of judicial opinion sustains the doctrine.

It is true that this court held in *Southern Bank of Georgia* v. *Mechanics Savings Bank*, 27 *Ga.* 252, that "Where a bill of exchange or draft is endorsed in full by the payees, suit can not be maintained in the name of the payees while the endorsement stands." The decision, however, was rendered by only two Judges, and we are, therefore, not compelled to follow it. In *Leitner* v. *Miller*, 49 *Ga.* 486, it appeared that Miller sued C. B. Leitner as principal, and S. A. Leitner, as indorser, on a note made by C. B. Leitner, payable to S. A. Leitner or bearer, and indorsed as follows: ' "S. A. Leitner. J. V. H. Allen, treasurer. L. H. Miller. Pay I. C. Plant, or order, for collection." The plaintiff introduced the note and closed, when the defendant moved for a nonsuit, on the ground that plaintiff had shown title out of himself by his indorsement on the note sued on. The motion was overruled, and the defendant excepted. This court held, that, "Although plaintiff's name may be on the back of the note sued on, he may recover against the maker, as the law will presume, in the absence of proof to the contrary, that an endorsement by him was never completed by delivery, or, if he had delivered it so endorsed, that he had taken it up, and was again the legal holder or endorsee." When the objection of the defendant to the introduction of the notes in the present case was overruled, he tendered what he termed "a plea in abatement," which was, in effect, the same as the objection urged by him to the admission of the notes in evidence; alleging that knowledge of the fact that title to the notes sued on was not in the plaintiff had just come to him, by reason of the indorsement upon the principal note not having been entered upon the copy note attached to the copy

declaration served upon him.    Upon objection by the plaintiff this plea was disallowed, and the defendant assigns error upon this ruling.    The plea was not verified, and it does not appear upon what ground the court based its order disallowing it.    It is clear, however, that there was no error in this ruling of the court.    The Civil Code, § 3698, provides that "The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant or to let in the defense which he seeks to make."    It was not pretended that it was necessary to attack the plaintiff's title to the notes for the protection of the defendant or to let in any defense which he sought to make.

*Judgment affirmed.    All the Justices concurring.*