1434.  ATLANTIC COAST LINE RAILROAD CO. *v.* COOK.

1. An amendment to a petition filed against the "Atlantic Coast Line, owning and operating a railroad under the laws of Georgia," by adding the words "Railroad Company" after the word "Line" and before the word "owning," so as to make the name of the defendant the "Atlantic Coast Line Railroad Company," and thus giving its proper corporate name, was not adding a new party, but simply correcting a misnomer.
2. The assignments of error are entirely without merit, and the verdict is supported by the evidence.

Appeal, from Berrien superior court—Judge Mitchell. September 25, 1908.

Argued December 9, 1908.—Decided May 4, 1909.

*Bennet & Branch, Hendricks & Christian,* for plaintiff in error. *Buie & Knight,* contra.

HILL, C. J.  Cook brought suit in the county court to recover the value of a Jersey cow which he alleged was killed by the "Atlantic Coast Line, owning and operating a railroad under the laws of the State of Georgia, a corporation having an office and agent in said county." Process was directed to the defendant as the "Atlantic Coast Line Railway Company" and was served upon the defendant, the "Atlantic Coast Line Railroad Company," by serving its agent, F. B. Harris, in said county personally with a

copy of the suit. The defendant, at the appearance term, in the name of the "Atlantic Coast Line Railroad Company," through its attorneys, filed a special demurrer to the suit, and in the same name filed an answer of the general issue. After hearing the evidence, the court rendered a judgment for $50 against the "Atlantic Coast Line Railroad Company," and the defendant, in the name of the "Atlantic Coast Line Railway Company," entered an appeal from this judgment to the superior court. When the appeal case was called in the superior court the plaintiff asked leave to amend his petition as follows: "By adding the words 'Railroad Company' between the words 'Line' and 'owning' in the first line of the first paragraph of the petition, and in all other places where the words 'Atlantic Coast Line' appears, so that the petition as amended shall read the 'Atlantic Coast Line Railroad Company, owning and operating a railroad under the laws of the State of Georgia,'" etc. This amendment was objected to by the defendant, but was allowed by the court. The case then proceeded to trial, and a verdict was returned against the defendant in favor of the plaintiff for $50. The defendant filed a motion for new trial on the general grounds, and on eight special grounds, which was overruled, and it excepted. Exceptions pendente lite were filed to the judgment overruling the demurrer, and to the allowance of the amendment.

The second and third grounds of special demurrer, that the petition was "defective in that it failed to allege what train or locomotive of the defendant company killed the plaintiff's cow, or in what direction the train or locomotive was moving when the plaintiff's cow was killed," if at all meritorious, were fully met by appropriate amendment. The first ground of the demurrer, that no specific act of negligence was charged in the petition, and that only negligence in general terms was charged, is not sustained by an inspection of the petition, it being distinctly alleged in the petition that the defendant "negligently and carelessly struck and killed the cow," because at the time she was killed "she was in such position on the railroad track as to be visible to the engineer at least one half mile before the train reached her," and that it was in the daytime when the cow was killed. We think this is a sufficient allegation of negligence.

There was no error in allowing the plaintiff to amend his petition by adding to the words "the Atlantic Coast Line"the words "Railroad Company," so as to give the defendant its proper corporate name. This was not adding a new party, but only correcting a misnomer. This the plaintiff had the right to do under §5102 of the Civil Code and under repeated rulings of the Supreme Court. See the following cases exactly in point: *Johnson* v. *Central R. Co.*, 74 *Ga.* 397; *Chattanooga, Rome and Columbus R. Co.* v. *Jackson*, 86 *Ga.* 676 (13 S. E. 109), where a declaration against the Chattanooga, Rome & Carrollton Railroad Company was amended by substituting "Columbus" for "Carrollton," so as to give the defendant its proper corporate name. See also *Parish* v. *Davis*, 126 *Ga.* 840 (55 S. E. 1032); *Perkins Co.* v. *Shewmake*, 119 *Ga.* 617 (46 S. E. 832); *Coombs* v. *Lowe, R. M. Charlton*, 395. While the plaintiff in the original petition sued the "Atlantic Coast Line," he alleged that the defendant was a corporation operating a railroad under the laws of Georgia, with an office and place of business in Berrien county. He probably called the defendant by its popular name. This court will judicially know that the corporate name of the railroad in question is the "Atlantic Coast Line Railroad Company." It can not be doubted, from an inspection of the pleadings in this case, that this was the corporation which the plaintiff sued for negligence in killing his cow. Process was directed to the Atlantic Coast Line Railway Company and was served on the Atlantic Coast Line Railroad Company. The defendant, as served, appeared by counsel and in its corporate name demurred to the petition, and in its corporate name filed an answer of the general issue. It would seem that the attorneys for the defendant fully recognized the fact that the true defendant had been sued and served, and that the amendment which was allowed by the court was simply correcting an obvious misnomer in its corporate name. Indeed we think that the words "Atlantic Coast Line, owning and operating a railroad under the laws of the State of Georgia," are equivalent to the words "Atlantic Coast Line Railroad Company."

There is no merit whatever in any of the grounds contained in the motion for a new trial, general or special, and the verdict is fully supported by the evidence.    *Judgment affirmed.*