### 7446. COLLINS *v.* ARMOUR FERTILIZR WORKS.

WADE, C. J. 1. "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings, and all counter-affidavits shall be amendable to the same extent as ordinary declarations, and with only the restrictions, limitations, and consequences now obtaining in the case of ordinary declarations and pleas." Civil Code, § 5706.

(a) "If the suit is brought in a name which is neither that of a natural person, a corporation, nor a partnership, it is a mere nullity. . . . A corporation may bring suit in its own name, and, if it fails fully to describe its legal entity, may amend by alleging that it is a corporation." *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.*

774, 775 (50 S. E. 978). Where the name of the plaintiff does not itself import a corporation and no allegation as to its corporate entity is made, it is not erroneous, in the absence of an offer to amend, to dismiss the petition, upon the ground that no party plaintiff is described therein. *Cain* v. *Armenia Lodge,* 12 *Ga. App.* 251 (77 S. E. 184). Aliter where a proper amendment is offered.

2. The affidavit of illegality sought to vary the terms of a valid written instrument, by adding thereto another and different consideration, to wit, the extension of certain additional credit to the maker of the mortgage. The court therefore did not err in striking it.

3. The court did not err in admitting in evidence the articles of incorporation showing the corporate entity of the plaintiff, the same being properly authenticated.

4. There is no merit in any of the assignments of error.

*Judgment affirmed.*

DECIDED SEPTEMBER 15, 1916.

Foreclosure of mortgage; from city court of Reidsville—Judge Collins. March 9, 1916.

*Way & Burkhalter,* for plaintiff in error.

*H. C. Beasley,* contra.