15837. KNIGHT COMPANY *v.* CALHOUN, for use, etc.

BELL, J. 1. Where, without consideration, the payee of a draft indorses it over to another, who thereafter sues him on the indorsement, the want of consideration for the indorsement is a good defense. Each indorsement is a new contract, and, like other contracts, must be supported by a consideration. *Cox* v. *Adams,* 2 *Ga.* 158 (3); Civil Code (1910), § 4261.

2. While a consideration need not necessarily be a benefit accruing to the promisor (Civil Code of 1910, § 4242), and "if there be a valid consideration for the promise, it matters not from whom it is moved" (Civil Code of 1910, § 4249), and while the averments in paragraph 4 of the defendant's answer perhaps did not negative the existence of a consideration, this was not true of the general allegations of paragraphs 5 and 6, the same not being limited by any other matter contained in the answer, and being considered on a mere oral motion to strike in the nature of a general demurrer; and it was, therefore, error to strike the answer. The pleas did not attempt a violation of the parol-evidence rule. *Mackin* v. *Blalock,* 133 *Ga.* 550 (2) (66 S. E. 265, 134 Am. St. Rep. 220); *Mimbs* v. *Stephens Hardware Co.,* 22 *Ga. App.* 88 (95 S. E. 377); *Stewart* v. *Hardin,* 24 *Ga. App.* 611 (1) (101 S. E. 716).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 19, 1924.

Complaint; from city court of Waycross—Judge Crawley. July 25, 1924.

M. D. Calhoun, for use, etc., brought suit against W. T. Caile, as drawer, and the Knight Company, as indorser, upon a certain draft. The Knight Company filed an answer, the material parts of which were as follows: 4th. For further plea and answer this defendant shows that said plaintiffs obtained possession of said draft without any consideration whatsoever flowing from plaintiffs to this defendant or to anyone acting for this defendant. That said draft was transferred by this defendant to plaintiffs merely as an accommodation and at the request of plaintiffs and that nothing whatever was

paid to this defendant by the plaintiffs for said draft, and said draft was to be returned to defendant and not used by plaintiffs. 5th. Defendant shows that there was no consideration whatsoever for the transfer of this draft by itself to plaintiffs and that said draft is not the property of plaintiffs but is really the property of this defendant and was to be returned by the plaintiffs to this defendant according to the agreement had at the time said draft was secured from this defendant. 6th. Defendant shows that it is not liable to the plaintiffs for the payment of said draft nor on its indorsement thereof for the reason that same was without consideration and was a mere accommodation to plaintiffs, and said draft was to be returned to this defendant.

The court sustained an oral motion to strike the answer; and, after final verdict and judgment in favor of the plaintiff, the defendant sued out a writ of error.

*Blalock & Blalock,* for plaintiff in error.

*Parker & Parker,* contra.