17623. BAGGS-LANGFORD MOTOR CO. *v.* MOORE & SON.

BELL, J. 1. Under the act creating the municipal court of Atlanta, a deputy clerk of that court has authority to take an affidavit for, and to issue, an attachment returnable to a superior court. Ga. L. 1913, p. 159, §§ 27, 28; *Barnard* v. *DuPree,* 149 *Ga.* 796 (102 S. E. 422); *Brach* v. *Oglesby Grocery Co.,* 33 *Ga. App.* 481 (2) (127 S. E. 157). The court therefore erred in this case in dismissing the attachment.

2. Although it is no defense to a suit on an unconditional promissory note to show a contemporaneous oral agreement that the note would never be enforced (*Pulliam* v. *Merchants & Miners Bank,* 33 *Ga. App.* 68, 125 S. E. 509), proof of such an agreement will not invalidate the defense of want of consideration, and evidence thereof should not be excluded upon the ground that it is contradictory of the writing if it at the same time tends to support a plea that the instrument is a nude pact. *First National Bank of Dalton* v. *Black,* 108 *Ga.* 538 (34 S. E. 143); *Orr* v. *Dawson Telephone Co.,* 35 *Ga. App.* 560 (2) (123 S. E. 924).

(*a*) The plea in the present case, as against a general demurrer, sufficiently alleged that the note was without consideration. The court did not err in overruling such demurrer, nor in the admission of the evidence in support of the plea to which objection was made. See *Mackin* v. *Blalock,* 133 *Ga.* 550 (2) (66 S. E. 265, 134 Am. St. R. 220); *Knight Co.* v. *Calhoun,* 33 *Ga. App.* 312 (2) (125 S. E. 790).

3. "The payee of a promissory note, in possession of the same, is presumed to own it, although his endorsement thereon, in full or in blank, may stand uncancelled. He may sue upon such note, and his title to the same can not be inquired into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make." *Bomar* v. *Equitable Mortgage Co.,* 111 *Ga.* 143 (36 S. E. 601). Furthermore, in this case the defendants in their answer admitted the plaintiff's ownership of the note and its right to sue thereon. It appearing in the plaintiff's motion for a new trial that counsel for the defendant nevertheless "argued to the jury that because the indorsement of the plaintiff appeared on the back of the note sued on, plaintiff should not recover," it was error to refuse to charge the jury, on timely written request, that since the plea admitted that the plaintiff "is the legal holder of the note sued on," the plaintiff "has the right to proceed with its suit on the note, . . . and to recover in its own name whatever amount, if any,

---

Appeal and Error, 4 C. J. p. 843, n. 65; p. 844, n. 66.

Bills and Notes, 8 C. J. p. 916, n. 10; p. 963, n. 67; p. 1004, n. 89; p. 1006, n. 5; p. 1060, n. 33; p. 1088, n. 75.

Courts, 15 C. J. p. 987, n. 61.

Evidence, 22 C. J. p. 1214, n. 61; p. 1255, n. 54.

[the jury] may find against the defendants in this case." *Elberton &c.
R. Co.* v. *Thornton*, 32 *Ga. App.* 259 (4) (122 S. E. 795).

4. This court can not hold as a matter of law that the defendant's testimony was absolutely incredible, nor therefore that the verdict in his favor was unsupported. But, because of the errors pointed out above, the judgment should be reversed and the case remanded for another trial; although since the jury found a general verdict in favor of the defendant, the error in dismissing the attachment would perhaps have been harmless if no other error appeared.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1927.

Attachment; from Lumpkin superior court—Judge J. B. Jones. July 3, 1926.

*Frank Carter, Johnson & Adderholt,* for plaintiff in error.
*O. J. Lilly,* contra.