19122. FARLEY *v.* SERVWELL SALES CORPORATION.

DECIDED JANUARY 15, 1929.

*R. Terry,* for plaintiff in error. *Neill & McGee,* contra.

LUKE, J. T. J. Farley filed an affidavit of illegality to the foreclosure of a retention-of-title sale-contract on certain personal property by Servwell Sales Corporation. Farley's defenses were non est factum, payment, and failure of the plaintiff to pay the costs in a former foreclosure proceeding of the same paper in a justice's court after the proceeding had been dismissed. The jury found a verdict for the plaintiff, and the defendant excepted upon the general grounds and two special grounds.

Under the evidence the jury had the right to find against the

plea of non est factum, and were authorized to render a verdict for the plaintiff.

Special ground 1, complaining of the admission of certain evidence over the objection that it was "irrelevant, illegal, and immaterial," presents nothing for consideration by this court. *Staples* v. *State,* 37 *Ga. App.* 97 (3) (139 S. E. 94) ; *Manning* v. *State,* 33 *Ga. App.* 610 (9) (127 S. E. 475) ; *Hayes* v. *State,* 36 *Ga. App.* 669 (137 S. E. 860). Aside from this, however, this ground presents no reversible error.

Special ground 2 is that there was no right of action in the plaintiff, because the contract foreclosed showed that it had been "sold and assigned to Appliance Finance Corporation" for value. The plaintiff had possession of the contract, and had the right to foreclose it notwithstanding the written assignment thereon. This phase of the case is controlled in principle by the decision in *Leitner* v. *Miller,* 49 *Ga.* 486 (2), in which it was held: "Although plaintiff's name may be on the back of the note sued on, he may recover against the maker, as the law will presume, in the absence of proof to the contrary, that an indorsement by him was never completed by delivery, or if he had delivered it so indorsed, that he had taken it up, and was again the legal holder or indorsee." See also *Bolton* v. *Duncan,* 61 *Ga.* 104; *Bomar* v. *Equitable Mortgage Co.,* 111 *Ga.* 143 (36 S. E. 601).

The contention that the present foreclosure could not proceed, because costs had not been paid in a previous foreclosure of the same paper in a justice's court, was not supported by the evidence, and was not referred to in counsel's brief. Evidently there is no merit in it.

The evidence supports the verdict, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*