## 19992. WILLIAMS *v.* WHITED.

JENKINS, P. J. Under the provisions of the negotiable-instruments law, a holder in due course holds the instruments free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon. Ga. L. 1924, pp. 126, 138; Michie's Code (1926), § 4294 (57). "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course." Ga. L. 1924, pp. 126, 138; Michie's Code (1926), § 4294 (59). Accordingly, the plaintiff not only being presumed to be a holder in due course, but it in

fact appearing, without dispute, that she had acquired the instrument, complete and regular on its face, in good faith and for value, before maturity, and without notice of any defect or defence thereto, her rights as a holder in due course must be given effect. While it appeared that after she had become the owner and holder of the instrument in due course, she indorsed her name on the back thereof and delivered it to a third person in pursuance of certain negotiations by which it was contemplated that that person would become the owner thereof, it appears, without dispute, that these negotiations for its sale were never in fact consummated, and that the title to the instrument never actually passed from the plaintiff as owner and holder thereof; but under the provisions of the negotiable-instruments law, as embodied in Michie's Code, § 4294 (59), even had the title actually passed from her as the original taker in due course, the fact that she subsequently acquired title after its maturity would not prevent her, even had such indorsement remained uncancelled, from being the owner and holder of. the instrument, or from occupying the status of a holder in due course, since in the latter event she would be protected as a holder in due course as claiming under one originally thus procuring the instrument. *Bomar* v. *Equitable Mtge. Co.*, 111 Ga. 143 (36 S. E. 601). The judge therefore erred in finding in favor of the defenses set up by the defendant.        *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 21, 1930.

400

*G. F. Fielding,* for plaintiff.    *O. J. Coogler,* for defendant.