THIGPEN *v.* ALDRED, executrix.

No. 8813.  JULY 14, 1932.

*M. C. Barwick* and *E. W. Jordan,* for plaintiff.

*A. R. Wright,* for defendant.

HILL, J.  S. R. Thigpen brought a petition for accounting and settlement, under a written contract, against J. W. Aldred. Pending the suit Aldred died, and his wife Mrs. J. W. Aldred, as executrix, was made a party defendant thereto.  The petition alleged in substance the following:  On April 24, 1924, petitioner and J. W. Aldred entered into a contract whereby they were to purchase a tract of land known as the "Breezy Hill" place, each to have a half interest therein, and that they were to cut and sell the timber therefrom.  A copy of the contract is set out as an exhibit.  Petitioner was to saw and deliver the lumber for $11 per thousand, to be paid to him before any division of the profits, and the net profits from the sale of the lumber to be equally divided between the parties. There was cut and sold from the place an excess of a million feet of lumber, and petitioner received from Aldred for sawing and hauling the lumber $9 per thousand only, and he is still due $2 per thousand feet on the amount of lumber found to have been cut and hauled.  The proceeds from the sale of the lumber were retained and handled by Aldred, and the difference between the amount of money which petitioner received and the amount which was received by Aldred was sufficient to pay the purchase-price of the land purchased by petitioner and Aldred; this amount being one half of the unpaid balance on the sawing and hauling, to wit, $1,166.89, together with interest thereon from March, 1925, at seven per cent. The land when surveyed was found to contain 960 acres, all of equal value, and in the division of the land petitioner received 433 acres

and Aldred took 527 acres. In making a division of the land it was understood between the parties that the one receiving the greater amount of land should pay to the other the difference, valuing the land at $10 per acre; and it is alleged that Aldred owes petitioner the sum of $470 on this account. Before any division was made three houses were built on the place at the joint expense of petitioner and defendant. · The land received by Aldred had thereon two of the houses, while petitioner received the land containing only one of these houses. The houses were of the value of $700 each, and petitioner is due half the value of the additional house received by Aldred, to wit, $350. Petitioner prays for an accounting and settlement as to the items mentioned, and as to all other items growing out of the transaction herein declared on.

Mrs. J. W. Aldred, as executrix, filed an answer denying the material allegations of the petition, and averring that some time before the death of J. W. Aldred, the plaintiff and J. W. Aldred agreed upon and made a division in kind of said land between them, and each took possession of, held, and used his part thereof as agreed upon in the division; and that all matters and things existing between them, growing out of the joint or common ownership of said land, were fully and finally adjusted and settled between them. The jury found in favor of the defendant. The plaintiff made a motion for new trial, upon general grounds and special grounds. The motion was overruled, and the plaintiff excepted.

Error is assigned because the court erred in charging the jury as follows: "I charge you in this case that the burden is on the plaintiff to establish his right to recover by the preponderance or greater weight of the evidence. If the plaintiff fails to carry the burden of establishing his case by the preponderance or the greater weight of the evidence, he can not recover." It is insisted that this charge is error for the reasons that this is a suit in equity between partners for an accounting and settlement, and it was shown by the testimony that the partner J. W. Aldred made the sales, collected all of the proceeds for the lumber, and became the custodian of all the funds and property of the partnership; that under the law it was only necessary for the plaintiff to show that the property went into the hands of Aldred, and the burden would have been upon Aldred to account for the disposition of this money and property; that the charge above quoted placed the burden upon Thig-

pen to establish, not only that the funds went into the hands of Aldred, but that they were not accounted for, before recovery, and placed a greater burden than is required and is to that extent contrary to law. The charge complained of is not erroneous for the reason assigned. The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. Civil Code (1910), § 5746. The general rule is therefore that the plaintiff in all cases carries the burden imposed by law of proving his right to recover by a preponderance of the evidence, and that is all that the present charge imposed; and the rule charged by the court is not erroneous whether the case sounds in equity or at law. As to whether the rule charged by the court was correct does not depend upon whether the plaintiff and defendant were partners, and therefore that equity has jurisdiction over mutual accounts growing out of the fact that the plaintiff and the defendant were partners, or whether they were tenants in common. An interesting discussion of what constitutes a partnership will be found in the case of *Smith* v. *Hancock,* 163 *Ga.* 222, 230 (136 S. E. 52), and cit. Undoubtedly a court of equity has jurisdiction of accounts between partners and tenants in common. Civil Code (1910), § 4586. But whether they were partners or tenants in common, the rule as to the burden of proof is the same. The charge complained of is not error for any reason assigned. This ruling also applies to ground 5 of the motion for new trial.

The failure to charge as indicated in ground 2 of the motion for new trial was not error in the absence of a timely written request. If the court failed to state as fully as the plaintiff desired his contentions, a timely request therefor should have been made. This ruling also applies to grounds 3 and 4 of the motion for new trial.

The court charged the jury as follows: "I charge you that where the contract calls for a stipulated sum, such as this one does, and one of the parties to the contract proposes a reduction, and the other accepts, and they settle upon such an agreement made, then I charge you that such settlement would be binding, though there may be no consideration whatever moving to the making of such reduction." This charge is not error for the reason assigned, that it is not adjusted to the pleadings or evidence.

The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed.   All the Justices concur.*