23097. TALIAFERRO v. COWART & SON INCORPORATED.

SUTTON, J. 1. "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings, and all counter affidavits shall be amendable to the same extent as ordinary declarations." Civil Code (1910), § 5706. Where in an affidavit to foreclose a mortgage on crops the name of the plaintiff does not itself import a corporation and there is no allegation as to its corporate entity, it is not erroneous for the trial court to allow the plaintiff to amend the same by inserting the word "Incorporated" after its name therein, and to refuse to dismiss the affidavit. *Collins* v. *Armour Fertilizer Works*, 18 Ga. App. 533 (89 S. E. 1054); *St. Mark's M. E. Church* v.

*Georgia Power Co.,* 19 *Ga. App.* 633 (2) (91 S. E. 1047) ; *W. & A. R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). Moreover, the copy of the mortgage attached to the affidavit shows that the mortgagee was J. S. Cowart & Sons Incorporated, and the amendment in this case amended the affidavit to conform to the mortgage sought to be foreclosed.

2. The mortgage-note was made payable to the plaintiff corporation or order, and there appeared on the back of it a transfer to another corporation. The evidence showed that the plaintiff had transferred this note to the other corporation as collateral security for a loan made to a private individual, and not for the benefit of the plaintiff corporation; and that this loan had been paid. The transfer on the back of the note had not been cancelled, but the note had been surrendered and returned to the plaintiff. The defendant contends that because the transfer still remained on the note, the title thereto was not in the plaintiff at the time the proceedings were begun, and it was therefore not entitled to maintain the same. *Held:*

(a) "The payee of a promissory note, in possession of the same, is presumed to own it, although his endorsement thereon, in full or in blank, may stand uncancelled. He may sue upon such note, and his title to the same can not be inquired into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make." *Bomar* v. *Equitable Mortgage Co.,* 111 *Ga.* 143 (36 S. E. 601) ; *Jordon* v. *Colquitt National Bank,* 22 *Ga. App.* 23 (95 S. E. 319) ; *Baggs-Langford Motor Co.* v. *Moore,* 36 *Ga. App.* 788 (138 S. E. 256) ; *Williams* v. *Whited,* 41 *Ga. App.* 398 (153 S. E. 205). The above contention of the defendant is therefore without merit.

(b) Furthermore, no corporation, whether public or private, organized under the laws of this State, can, in the absence of express charter authority so to do, lend its credit for the mere accommodation of third persons, as by contract of suretyship or of accommodation indorser or by pledging its property as security for a loan to a third person. *First National Bank of Tallapoosa* v. *Monroe,* 135 *Ga.* 614 (69 S. E. 1123, 32 L. R. A. (N. S.) 550) ; *Houser* v. *Farmer's Supply Co.,* 6 *Ga. App.* 102, 64 S. E. 293) ; *Savannah Ice Co.* v. *Canal-Louisiana Bank &c. Co.,* 12 *Ga. App.* 818 (3) (79 S. E. 45) ; *Bell Marble Co.* v. *American Securities Co.,* 36 *Ga. App.* 340 (2) (136 S. E. 541). The act of the plaintiff corporation in so transferring the mortgage-note to the other corporation as security for a loan to a third person, from which act it received no benefit, was ultra vires, and there being in this case no question as to innocent bona fide holders, the indorsement or transfer of the note was void, and would not prevent the plaintiff, who had possession of the note, from bringing suit thereon against the maker.

3. The court having in the charge to the jury substantially covered the issues raised by the pleadings and evidence, it was not error, in the absence of a timely written request, to fail to state the contentions of the defendant as fully as she desired. *Thigpen* v. *Aldred,* 175 *Ga.* 120, 123 (165 S. E. 27).

4. This was a proceeding to foreclose a crop-mortgage note, which provided that any additional farm supplies furnished the mortgagor, who is the defendant, by the mortgagee, who is the plaintiff, would also be covered

and secured by the mortgage-note. The plaintiff contended that it furnished to the defendant additional supplies for the farm in excess of the principal of the mortgage, and that while the defendant had paid more than the principal amount of the note and interest, she had not paid a sum sufficient to cover both the amount of the note and the amount due for the additional supplies furnished her; and, the jury having found in favor of the plaintiff, it was not cause for a new trial for the court to charge the jury, in effect, that if the defendant made payments to the plaintiff without direction as to how to apply them, the plaintiff could apply them first to the satisfaction of the amount due for the additional supplies furnished the defendant, and, when that was paid, could credit the note with the balance.

5. The defendant having set up in her affidavit of illegality that she did not owe the balance on the mortgage-note sued on, it was not error for the court to charge the jury that if they found in favor of the plaintiff, their verdict should. read, "We, the jury, find for the plaintiff so many dollars and cents." Under issues made by the contentions of the parties in this case, the jury might have found that the defendant was due the plaintiff a less amount than the amount claimed by it, or no amount at all, or the full amount set up by the plaintiff as due.

6. The verdict and judgment were not contrary to law because the jury found in favor of the plaintiff the full amount of principal and interest sued for, and the court entered up judgment for this sum and added therein: "It is further ordered that said illegality be overruled and dismissed, and that said mortgage fi. fa. do proceed for the aforesaid sums of principal, interest, and costs."

7. The evidence authorized the verdict; and there being no error of law, the judgment overruling the defendant's motion for a new trial will not be disturbed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 14, 1933.

*W. I. Geer,* for plaintiff in error.
*Lowrey Stone, J. M. Cowart,* contra.