## 26123. CARROLLTON COCA-COLA BOTTLING COMPANY
### v. PACE.

DECIDED JULY 2, 1937. REHEARING DENIED JULY 28, 1937.

*Boykin & Boykin,* for plaintiff in error.
*Willis Smith, J. W. Cole,* contra.

STEPHENS, P. J. J. W. Pace instituted suit against the defendant described in the petition as "The Coca-Cola Bottling Company," which it was alleged is a corporation of the State of Georgia, with an office, agency, and place of business in the County of Carroll. The return of service showed that "the defendant Coca-Cola Bottling Company" was served "by serving upon one A. W. Ford, agent of the defendant company at Carrollton, Georgia, personally with a copy of the within petition and process." It does not appear that any plea or answer was filed before the call of the appearance docket. After that call an amendment to the petition, offered by the plaintiff, was allowed subject to demurrer, by which the name of the defendant, as alleged in the petition, was amended so as to read "the Coca-Cola Bottling Company of Carrollton." *Atlantic Coast Line R. Co.* v. *Cook, 6 Ga. App.* 128 (64 S. E. 665). At the same term of court at which the amendment was allowed, "the Carrollton Coca-Cola Bottling Company" made a special appearance for the express and only purpose of moving to dismiss the amendment, without waiving process, service, jurisdiction or any other legal defense, or requirement of law as to proper service and notice on the "Carrollton Coca-Cola Bottling Company" which said company may have in and to the said suit. The motion to dismiss the amendment was on the ground that the amendment made a new and distinct party defendant, and no service of the amendment and process, or of a rule nisi issued on the amendment, had been made on the movant, and that therefore the allowance of the amendment was "contrary to law,

illegal and void" and that the amendment should be stricken. The court issued a rule nisi on this motion, directed to the plaintiff, and afterwards, the motion to dismiss the amendment coming on to be heard as provided in the rule nisi, passed an order denying the motion of "The Carrollton Coca-Cola Bottling Company" to dismiss the plaintiff's amendment to the petition. To the passage of this order, "The Carrollton Coca-Cola Bottling Company" excepted.

"The Carrollton Coca-Cola Bottling Company" moved to dismiss the amendment solely on the ground that the amendment made a new party defendant, and was allowed without notice to the movant. The movant did not deny that it was in fact served with the original petition and process. While the entry of service recites that service was perfected on "The Coca-Cola Bottling Company," which was the defendant named in the original petition, "by serving upon one A. W. Ford, agent of the defendant company," "The Coca-Cola Bottling Company," the service when perfected on A. W. Ford, agent, may in fact have been perfected on "The Carrollton Coca-Cola Bottling Company." If no service in fact had been perfected on "The Carrollton Coca-Cola Bottling Company," it was unnecessary for "The Carrollton Coca-Cola Bottling Company" to make any special appearance for the purpose of excepting to the allowance of the amendment to the petition. Since "The Carrollton Coca-Cola Bottling Company" has made a special appearance for the purpose of attacking the amendment to the petition, it may be assumed for the present purpose that service was perfected on it. There was no exception to the amendment in that it made as party defendant "The Coca-Cola Bottling Company of Carrollton" but did not make as the party defendant "The Carrollton Coca-Cola Bottling Company," the movant.

As provided in the Code, § 81-1206, "All misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." The name of a defendant as alleged in a petition may be changed by an amendment which does not make a new party defendant, but which merely corrects the name as alleged in the petition, that is which

merely corrects a misnomer. Where a firm, person, or corporation has been served as defendant with a petition and process, the petition, in so far as it incorrectly states the name of the party served as the defendant, may be amended by stating the true and correct name of the defendant. In *Johnson* v. *Central Railroad*, 74 *Ga.* 397, it was held that where a suit was brought by a petition in which it was alleged that the defendant was "Central Railroad and Banking Company," the petition was amendable by an allegation that the defendant was the "Central Railroad and Banking Company of Georgia." In *Rome Railroad Co.* v. *Sullivan*, 14 *Ga.* 277, it was held that the petition in which the defendant was alleged as "Rome Railroad," was amendable to correct a misnomer, by an allegation that the defendant was "The Rome Railroad Company." The amendment to the petition in the case at bar, in which the allegation in the original petition that the defendant is "The Coca-Cola Bottling Company," is amended by alleging that the defendant is "The Coca-Cola Bottling Company of Carrollton," is not an amendment by which a new defendant is made, but is an amendment by which a misstatement or misnomer of the name of the defendant as alleged in the original petition is corrected by an amendment in which the true name of the defendant is alleged. If the defendant has not been served with the original petition and process, he is not harmed by the allowance of an amendment to the petition. If he has been served with the original petition and process, and an amendment thereto has been allowed subject to demurrer, although the defendant had no notice of the allowance of the amendment, he is not harmed by its allowance, on the alleged ground that he had no notice of its allowance or had not been given the opportunity to object to its allowance. The right to object to the amendment is preserved in the order allowing it subject to demurrer.

There is no merit in the objection that the amendment makes a new party defendant, or that the amendment or a rule nisi issued thereon was not served on the objector, namely "The Carrollton Coca-Cola Bottling Company." The court did not err in overruling the motion to strike the amendment.

*Judgment affirmed. Sutton and Felton, JJ., concur.*