28355.    LOVE *v.* COMMERCIAL CREDIT COMPANY INC.

DECIDED NOVEMBER 16, 1940.    REHEARING DENIED DECEMBER 12, 1940.

22

*Heath & Heath,* for plaintiff in error.

*Duncan Graham, Woodruff & Ward,* contra.

STEPHENS, P. J. The court did not err in allowing the plaintiff in attachment, named as "Commercial Credit Company," to amend the attachment affidavit, attachment bond, writ of attachment, declaration in attachment, and the defendant's replevy bond. by adding the abbreviation "Inc." after such name, so that the name of the plaintiff in attachment should appear in all the attachment papers as "Commercial Credit Company Inc.," where it appeared in the amendment that the omission of "Inc" was a clerical error. The amendment purported to correct a misnomer. Where the complete corporate name of a party does not appear in the pleadings in the case an amendment correcting such misnomer and adding the words necessary to complete the corporate name of such party is allowable, and such an amendment does not have the effect of adding a new party. *Carrollton Coca-Cola Bottling Co.* v. *Pace,* 56 *Ga. App.* 267 (192 S. E. 473). See *Johnson* v. *Central Railroad,* 74 *Ga.* 397; *Chattanooga, Rome &c. R. Co.* v. *Jackson,* 86 *Ga.* 676 (13 S. E. 109); *Atlantic Coast Line R. Co.* v. *Cook,* 6 *Ga. App.* 128 (64 S. E. 665). "All misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." Code, § 81-1206. The words "Christian name" include the name given a corporation by law. See *Johnson* v. *Central Railroad,* supra.

Code § 81-1206 is applicable to corporations as well as natural persons. *Commissioners of McIntosh County* v. *Aiken Canning Co.,* 123 *Ga.* 647 (51 S. E. 585). It was held in *Allen* v. *Peoples Bank,* 133 *Ga.* 150 (65 S. E. 379): "In a suit by 'The Peoples Bank of Talbotton, Georgia, a corporation under the laws of Georgia' upon the promissory note payable to 'The Peoples' Bank,' it was competent to show, by proper averments added by amendment, that the name of the payee as written in the note was but a variation of the true name of the corporation, and that the latter was meant and intended to be designated by the names used in the written instrument." It was competent for the plaintiff in attachment who was designated as "Commercial Credit Company" to amend the attachment proceedings, which were brought in the name of "Commercial Credit Company" by adding the letters "Inc." after such name. It was competent to amend the replevy bond. *Cowart* v. *Cook,* 55 *Ga. App.* 717 (191 S. E. 173); *Taliaferro* v. *Cowart,* 47 *Ga. App.* 730 (171 S. E. 406).

The court did not err, under the facts of this case, in refusing to admit the documentary evidence referred to in the first and second special grounds of the motion for new trial, in that such documents consisted of mere collateral written statements, not binding on the plaintiff, and were pure hearsay and without probative value. See 22 C. J. 207, § 168 and notes. The amendment correcting the corporate name of the plaintiff from Commercial Credit Company to Commercial Credit Company Inc. by adding the abbreviation "Inc." being properly allowed as a correction of a mere clerical error and misnomer, there was no issue of fact presented as to whether Commercial Credit Company and Commercial Credit Company Inc., in so far as the contract sued on is concerned, were separate corporate entities.

The verdict in favor of the plaintiff on the contract and note sued on being otherwise demanded under the evidence, and no error of law appearing, the court did not err in directing a verdict for the plaintiff and in overruling the defendant's motion for new trial.    *Judgment affirmed.    Sutton and Felton, JJ., concur.*