1. An amendment which purported to correct an omission of the abbreviation "Inc." from the corporate name of the plaintiff in an attachment case, by adding such abbreviation to the corporate name wherever it appeared in the affidavit for attachment, the bond, the writ, the declaration in attachment, and the replevy bond executed by the defendant, did not have the effect of substituting by amendment a party plaintiff or of adding a new party, and was properly allowed.
2. The court did not err in rejecting evidence tendered, and in directing the verdict for the plaintiff.
 DECIDED NOVEMBER 16, 1940. REHEARING DENIED DECEMBER 12, 1940.
On September 12, 1938, "Commercial Credit Company" through its attorney sued out, before a justice of the peace in Toombs County, an attachment against Mrs. Susie Love, for the purchase money of a certain automobile, in which it was deposed that "Commercial Credit Company" was the plaintiff and owned the debt. An attachment bond was executed in the name of "Commercial Credit Company" as principal. A writ of attachment, issued in the name of "Commercial Credit Company" as the plaintiff in attachment, was delivered to the sheriff of Jeff Davis County, who levied the attachment on the automobile, which was in the possession of Mrs. Love, the defendant. She executed in favor of the "Commercial Credit Company" a replevy bond as required by statute (Code, § 8-701), with Homer Corbitt as security. The writ of attachment, the return of the sheriff, the replevy bond, and other attachment papers were returned to the superior court. Thereafter "Commercial Credit Company" as the plaintiff in attachment filed a declaration in attachment, alleging, that the defendant, a resident of Jeff Davis County, purchased from McBride Motor Company, of Vidalia, a certain Plymouth automobile, paying part cash and contracting to pay the remainder of the purchase-price in eighteen monthly instalments, which payments were secured by a purchase money or retention-title note covering the automobile; that on the same day the motor company made a written assignment of the contract or note securing the unpaid purchase-money to "Commercial Credit Company Inc.;" and that the defendant had defaulted in the payment of such deferred instalments of the purchase-money. The plaintiff "Commercial Credit Company" prayed for *Page 19 
a general judgment against the defendant and the security on the replevy bond, and for a special judgment against the automobile.
Mrs. Love answered the declaration in attachment. On the commencement of the trial she withdrew by amendment the defense first filed, and demurred to the declaration. She filed a new answer and plea in which, and by demurrer, she raised the contention that the plaintiff was not entitled to maintain the attachment proceeding against her, because the plaintiff had sued out the attachment, filed the declaration, and proceeded therein in the name of "Commercial Credit Company," and it appeared from the contract and note sued on and attached to the declaration that McBride Motor Company had transferred and assigned such contract and note to "Commercial Credit Company Inc.," and that it thus affirmatively appeared that the plaintiff did not own the note sued on. The plaintiff thereupon offered to amend the attachment affidavit and bond, the writ, and the declaration, as well as the replevy bond executed by the defendant, by adding, after the name and words "Commercial Credit Company" appearing in the attachment papers, the abbreviation "Inc.," so that the proceeding should appear as having been brought and prosecuted by "Commercial Credit Company Inc.," as the plaintiff, instead of by "Commercial Credit Company." The amendment alleged that the omission of "Inc." was a clerical error. This amendment was allowed over the objection of the defendant that the effect of this amendment was to add a new and distinct party plaintiff to the case, and was to change the obligation of the replevy bond by substituting "Commercial Credit Company Inc.," a separate corporate entity, for "Commercial Credit Company" as obligee in the bond, without the consent of the security and over the objection of the defendant. The defendant excepted pendente lite to the order allowing such amendment, and overruling the demurrer to the declaration. The case proceeded to trial before a jury as "Commercial Credit Company Inc.," plaintiff in attachment, against the defendant.
R. V. LeCraw testified for the plaintiff, that he was an agent and employee of the Commercial Credit Company Inc.; that Commercial Credit Company Inc., is the plaintiff in this case, and its correct name is "Commercial Credit Company Inc.;" that the conditional sale contract executed by the defendant to McBride Motor Company was purchased by Commercial Credit Company Inc., and at *Page 20 
is the holder of the note and contract; that the company declared the balance due on the note because of default in the payment of the monthly instalments when due, and that the sum sued for was due and payable. On cross-examination the witness testified that the main office of Commercial Credit Company Inc., is in Atlanta where he works; that so far as he knows personally there is no Commercial Credit Company, a corporation under the laws of Delaware with its principal office at Dover, Delaware; that so far as he knows there is no such firm, company, or corporation, as Commercial Credit Company; that Commercial Credit Company and Commercial Credit Company Inc. are not affiliated corporations so far as his knowledge goes. The evidence further showed that the contract and note sued on were transferred by McBride Motor Company to Commercial Credit Company Inc. It was admitted that the only questions involved in the case were whether the amendment changing the name of the party plaintiff from "Commercial Credit Company" to "Commercial Credit Company Inc." was properly allowed, and whether, if so, judgment could be had against the surety on the defendant's replevy bond. It was admitted between the parties that if the amendment was properly allowed the plaintiff was entitled to recover, but it was not admitted that the plaintiff would be entitled to a judgment against the surety on the replevy bond, the contention being that the defendant, having given bond payable to "Commercial Credit Company,' his surety on the bond could not be held liable to "Commercial Credit Company Inc." There was no evidence introduced by the defendant, and at the conclusion of the evidence the judge, on motion of the plaintiff, directed a verdict for the plaintiff "Commercial Credit Company Inc." A judgment was accordingly rendered against the defendant in attachment and Homer Corbitt as surety for the full amount of principal, interest, and costs. The judgment provided that such sums be made generally out of all property of the defendant and of the surety, and especially out of the described automobile. The defendant moved for a new trial.
In the first special ground of the motion the defendant assigned error on the refusal of the court to admit in evidence an original declaration in attachment with exhibits attached in a suit filed in Jeff Davis superior court by Commercial Credit Company Inc. against one H. G. Murphey. It appeared from the declaration and *Page 21 
exhibits in that case that the defendant therein, H. G. Murphey, executed a conditional-sale contract to John D. Good, and that this contract was assigned by J. D. Good to Commercial Credit Company. The defendant offered these documents in evidence "for the purpose of showing and proving that there was such a concern in existence as `Commercial Credit Company' and that `Commercial Credit Company Inc.' were separate and distinct concerns or corporations." In the next ground the defendant assigns as error the refusal of the court to admit in evidence a duplicate conditional-sale contract issued by C. W. Heath to the Georgia Power Company, on July 19, 1938, for the sale of an electric stove, on the back of which was an unsigned assignment reading in part as follows: "For value received, undersigned does hereby sell, assign and transfer without recourse all its right, title and interest in and to the contract on the reverse side hereof and the chattels described therein to one of the following commercial credit companies, its successors or assigns: Commercial Credit Company, Commercial Credit Company Inc., Commercial Credit Corporation, or Commercial Acceptance Company," etc. This contract and blank assignment were "offered in evidence to show that there was in existence a company named `Commercial Credit Company' and also a company named `Commercial Credit Company Inc.;' and to show that they were separate and distinct companies." It is stated in these grounds of the motion that such documents were offered for the purpose of showing that the present case brought in the name of Commercial Credit Company could not be amended so as to allow the action to proceed in the name of Commercial Credit Company Inc., in that such an amendment added a new, separate, and distinct party plaintiff, and that this evidence should have been admitted for that purpose.
In the third and last ground of the motion the defendant assigned error on the direction of a verdict for the plaintiff on the ground that there was an issue of fact in the case to be determined by the jury as to whether the plaintiff Commercial Credit Company, in whose name the proceedings were originally instituted, and Commercial Credit Company Inc., to whom the conditional-sale contract declared on was assigned, were the same company or separate and distinct companies, "or whether the plaintiff `Commercial Credit Company Inc.' actually paid the consideration of the automobile *Page 22 
conditional-sale contract declared upon and assigned to `Commercial Credit Company,' and took title thereto so as to be able to institute and maintain an action thereon in its favor, and prosecute the same to verdict and judgment," or whether "the evidence adduced in favor of the plaintiff made out a prima facie case in favor of plaintiff for the sum set out in said verdict authorizing the verdict as directed for the sums of principal and interest as set forth in the said directed verdict."
The defendant then assigned error on the verdict and judgment as being unsupported by the evidence and as contrary to law and the evidence for the above reasons. The judge overruled the motion for new trial, and the defendant excepted, and in the bill of exceptions assigned error on the exceptions pendente lite.
The court did not err in allowing the plaintiff in attachment, named as "Commercial Credit Company," to amend the attachment affidavit, attachment bond, writ of attachment, declaration in attachment, and the defendant's replevy bond, by adding the abbreviation "Inc." after such name, so that the name of the plaintiff in attachment should appear in all the attachment papers as "Commercial Credit Company Inc.," where it appeared in the amendment that the omission of "Inc" was a clerical error. The amendment purported to correct a misnomer. Where the complete corporate name of a party does not appear in the pleadings in the case an amendment correcting such misnomer and adding the words necessary to complete the corporate name of such party is allowable, and such an amendment does not have the effect of adding a new party. CarrolltonCoca-Cola Bottling Co. v. Pace, 56 Ga. App. 267 (192 S.E. 473). SeeJohnson v. Central Railroad, 74 Ga. 397; Chattanooga, Rome c. R. Co.
v. Jackson, 86 Ga. 676 (13 S.E. 109); Atlantic Coast Line R. Co. v.Cook, 6 Ga. App. 128 (64 S.E. 665). "All misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." Code. § 81-1206. The words "Christian name" include the name given a corporation by law. See Johnson v. Central Railroad, supra. *Page 23 
Code § 81-1206 is applicable to corporations as well as natural persons.Commissioners of McIntosh County v. Aiken Canning Co., 123 Ga. 647 (51 S.E. 585). It was held in Allen v. Peoples Bank, 133 Ga. 150 (65 S.E. 379): "In a suit by `The Peoples Bank of Talbotton, Georgia, a corporation under the laws of Georgia' upon the promissory note payable to `The Peoples' Bank.' it was competent to show, by proper averments added by amendment, that the name of the payee as written in the note was but a variation of the true name of the corporation, and that the latter was meant and intended to be designated by the names used in the written instrument." It was competent for the plaintiff in attachment who was designated as "Commercial Credit Company" to amend the attachment proceedings, which were brought in the name of "Commercial Credit Company" by adding the letters "Inc." after such name. It was competent to amend the replevy bond. Cowart v. Cook, 55 Ga. App. 717 (191 S.E. 173):Taliaferro v. Cowart, 47 Ga. App. 730 (171 S.E. 406).
The court did not err, under the facts of this case, in refusing to admit the documentary evidence referred to in the first and second special grounds of the motion for new trial, in that such documents consisted of mere collateral written statements, not binding on the plaintiff, and were pure hearsay and without probative value. See 22 C. J. 207, § 168 and notes. The amendment correcting the corporate name of the plaintiff from Commercial Credit Company to Commercial Credit Company Inc. by adding the abbreviation "Inc." being properly allowed as a correction of a mere clerical error and misnomer, there was no issue of fact presented as to whether Commercial Credit Company and Commercial Credit Company Inc., in so far as the contract sued on is concerned, were separate corporate entities.
The verdict in favor of the plaintiff on the contract and note sued on being otherwise demanded under the evidence, and no error of law appearing, the court did not err in directing a verdict for the plaintiff and in overruling the defendant's motion for new trial.
Judgment affirmed. Sutton and Felton, JJ., concur. *Page 24