## 35230. McLENDON *v.* BOWMAN, INC.

DECIDED JULY 15, 1954.

440

*Lawson E. Thompson,* for plaintiff in error.
*Colley & Orr, Wilbur A. Orr, Jr.,* contra.

GARDNER, P. J. 1. (a) The contentions of the purchaser are that the principal issue is whether or not the court erred in admitting the notes in evidence without proof of their execution; that the answer and the amendments thereto of the purchaser when boiled down, charged that the notes did not belong to the seller when the attachment was sued out; that attached to the declaration were purported transfers dated before the attachment; that whether or not the plea he filed is a plea of non est factum to the transfers of the notes or a plea of forgery of the transfers is immaterial, since they do not affect the result. It is further contended by the purchaser that it is possible under the pleadings for the issue to cover a case of the transfers not being made by the Electric Corporation at all or the transfers being made and dated back. The purchaser contends that the evidence submitted is insufficient as a matter of law to show that the purchaser carried the burden of proof on these issues sufficient to sustain the verdict. These contentions are not supported by the evidence or by the law.

There is sufficient evidence to sustain the verdict of the jury to the effect that the seller had repurchased the notes from the Electric Corporation prior to March 30, 1953, the date of the attachment being sued out.

(b) Under the facts of this case the seller was entitled to recover if it could prove it was a transferee in due course, or was entitled to recover if it could show that it was an original payee of a promissory note in its possession even though an uncanceled assignment to a third party remained outstanding. In *Bomar* v. *Equitable Mortgage Co.*, 111 *Ga.* 143 (36 S. E. 601), the Supreme Court said: "The payee of a promissory note, in possession of the same, is presumed to own it, although his endorsement thereon, in full or in blank, may stand uncanceled. He may sue upon such note, and his title to the same can not be inquired into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make."

See also in this connection *Posey* v. *Frost Motor Co.*, 84 *Ga. App.* 30 (2) (65 S. E. 2d 427), wherein this court said: "Where the evidence showed that the retention-of-title contract involved in this case had been assigned in writing on its face by the plaintiffs to a third party as security for a loan, that the loan had

been repaid and possession of the instrument re-delivered to the plaintiffs, but without a written assignment back by such third party, that when suit was filed and at the trial of the case the plaintiffs were in possession of the instrument under such circumstances, the evidence made out a prima facie case of title to the instrument and the property conveyed thereby in the plaintiffs such as was sufficient to enable them to maintain an action of trover to recover possession of the property, and such being the case, the trial court erred in nonsuiting the plaintiffs."

The evidence in this case is undisputed that the seller, the original payee, was in possession of the notes. It is undisputed that the seller had repurchased the notes from the Electric Corporation.

(c) It is true that when a plea of non est factum is filed the burden is thereby placed on the plaintiff to prove the execution of a note before the note sued on may be received in evidence. In this connection we might state that under repeated rulings of this court and the Supreme Court it has been held that slight evidence of the execution of the instrument to which a plea of non est factum is filed will authorize the admission of such instrument in evidence. See *Patton v. Bank of LaFayette,* 124 *Ga.* 965, 972 (53 S. E. 664, 5 L. R. A. (NS) 592, 4 Ann. Cas. 639); *Emory v. Smith,* 54 *Ga.* 273 (2). See also *Williams v. Atlanta National Bank,* 31 *Ga. App.* 212 (6) (120 S. E. 658) wherein this court said: "Where the execution of a note is denied by a plea of non est factum, the note will not be received in evidence until some extrinsic proof of its execution has been submitted. *Slight evidence is sufficient to lay the foundation for its admission.*" (Italics ours). In the instant case, as stated hereinabove, the evidence is undisputed that the seller repurchased the notes on the Electric Corporation and the transfer to Electric Corporation appeared on the notes and the notes were in the possession of the seller and had been acquired by the seller prior to the issuance of the attachment. According to our way of thinking this was sufficient evidence to authorize the court to submit to the jury the notes in question, the burden being placed by law on the seller to prove the case by a preponderance of the evidence. It was the duty of the jury to determine whether or not the seller successfully carried the burden.

See *Dixon* v. *Virginia-Carolina Chemical Co.*, 30 *Ga. App.* 78 (1) (116 S. E. 662). We might add here in conclusion, (1) that the seller was the original payee of the notes in question and was in possession of the notes before the issuance of the attachment and at the time of the trial; (2) as to the other view of the case, the seller is entitled to the verdict as the transferee of the promissory notes upon which suit is brought. What we have said above applies to the general grounds. Since the special ground, to the effect that the court committed reversible error in admitting the notes in evidence because of the lack of the proof of execution by the Electric Corporation to the seller, has been fully dealt with above, along with the general grounds, we will not elaborate here.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*