### Franklin Bank-Note Company *v.* Augusta and West Florida Railway Company *et al.*

Fish, J.   1. An equitable petition which designated and described as a lawful corporation, whose charter had expired by limitation of time, the only defendant therein named, which alleged that the plaintiff had already at law obtained a judgment against such defendant, and which prayed for the appointment of a receiver to take charge of its property, to the end that certain of its corporate· assets might be subjected to the .satisfaction of such judgment, could not be practically converted into an action against a number of private persons who had participated as incorporators in the formation of the corporation, by an amendment making these persons parties defendant, averring non-compliance with the law in organizing the corporation, negativing the legality of its corporate existence and transactions, and, for these reasons and because of alleged frauds on the part of these persons, praying for a judgment rendering them individually liable for the plaintiff's demand.

2. Whether these persons were or were not primarily liable, such an amendment was not germane to the action as brought, and undoubtedly set forth an entirely new and distinct cause of action.

*Judgment affirmed.   All the Justices concurring.*

Argued January 22, 23, — Decided March 3, 1897.

Equitable petition.   Before Judge Callaway.   Richmond superior court.   April 6, 1896.

*Charles Z. McCord*, by *Harrison & Peeples*, for plaintiff.

*Frank H. Miller, Fleming & Alexander, Bacon, Miller & Brunson, J. S. & W. T. Davidson, H. C. Roney, Black & Verdery* and *Frank H. Miller Jr.*, for defendants.