*S. C. Crane,* for plaintiff.     *E. R. Black,* for defendant.

---

## JINKS *v.* THE STATE.

FISH, J. 1. Though a bill of exceptions recites that the hearing of a motion for a new trial, which had been made in vacation, was postponed " until the 4th day of March, 1902, the same being during the March term, 1902, of said superior court," and that the motion was on that day heard and determined, yet where it is admitted in open court here that the superior court was not in session on that day, and that the motion was in fact heard and decided in vacation, the Supreme Court will deal accordingly with a bill of exceptions complaining of the overruling of such motion.

2. A motion for a new trial made in vacation — nothing in relation thereto being done in term — is in law a mere nullity. It is, therefore, erroneous for a judge of a superior court to take jurisdiction of such a motion; and when he does so and undertakes to decide it upon its merits, the judgment will be reversed. *Collier* v. *State,* ante, 17, and cases cited.

*Judgment reversed, with direction. All the Justices concurring, except Lewis, J., absent.*

Argued April 21,— Decided April 25, 1902.

Motion for new trial. Before Judge Russell. Gwinnett superior court. March 4, 1902.

*N. L. Hutchins, Brown & Cooper,* and *N. L. Hutchins Jr.,* for plaintiff in error.     *C. H. Brand, solicitor-general,* contra.