## 3414. PACE *v.* HARRIS & SON.

Only one writ of error will lie in favor of the same party to the same judgment.

DECIDED AUGUST 4, 1911.

Motion to dismiss writ of error.

*C. I. Carey,* for plaintiff in error.

*M. B. Eubanks,* contra.

POWELL, J. The defendants in error moved to dismiss the writ of error, because it is the second writ of error to the same final judgment. The plaintiff in error resists the motion. He candidly admits that before he secured the signature of the judge to the present writ of error· he had presented to the judge another bill of exceptions, which had been duly certified by the judge (and under the practice in this State the certificate of· the judge to the bill of exceptions constitutes the writ of error) and served

on opposing counsel, and that owing to the contention of counsel for the defendants in error that certain matters had been incorrectly stated, to the prejudice of the defendant in error, he did not file that bill of exceptions, but presented the one now before us, eliminating the objectionable features, and procured it to be certified served, and filed. He asserts, however, that this court is without power to discover that this is a second bill of exceptions to the same judgment. He asserts that it is not disclosed on the face of the record that this is not the original bill of exceptions, and that we have no power to ascertain facts dehors the record. However, on examining the record we do find evidence of the presentation, signing, and service of the former bill of exceptions. There is in the record a supplemental certificate of the nature provided for by the Civil Code (1910), § 6149. It is duly entitled in the cause, is dated April 8, 1911, and its recitals clearly disclose the existence and service of the prior bill of exceptions sued out by the present plaintiff in error. As the certificate to the present bill of exceptions bears date of April 12, 1911, this can not be the first writ of error in the case. Besides, this court, following a well-established custom of the Supreme Court, has a way of legally finding out some things which are dehors the record. In matters affecting the jurisdiction of the court, and in a number of similar instances, when the attention of the court is called to the probable existence of some matter resting within the knowledge of the parties or counsel to the case, but not appearing in the record, the court issues a rule requiring parties or counsel to answer under oath whether the alleged or supposed fact is or is not true. If the answers filed present an issue of fact, the court can not settle that issue; but, if the fact be conceded, the court acts upon the admissions of the parties. So in this case, in view of the frank admissions of counsel for the plaintiff in error, the court would have no difficulty in obtaining the facts, even if they did not appear on the face of the record.

Because of the motive which induced the attorney for the plaintiff in error to let his first bill of exceptions go by and to present the second bill to the same judgment, and because we dislike to penalize, as it were, an effort to be extra fair, we are reluctant to dismiss the bill of exceptions on the ground stated; but a dismissal seems to be imperative. When the judge once certifies a bill of

exceptions in a case, he can not thereafter certify another for the same party as to the same judgment. *Perry* v. *Central Railroad*, 74 *Ga.* 411; *Marshall* v. *Livingston*, 77 *Ga.* 21 (5); *Scott* v. *Central Railroad*, 77 *Ga.* 450. We may say, however, that we have also examined the case on its merits, and that, even if we did not dismiss the bill of exceptions, the same substantial end would be reached, for we would have to affirm the judgment anyway.

*Writ of error dismissed.*