8246, 8247.  GEORGIAN COMPANY *v.* KINNEY; and
*vice versa.*

1. The assignment of error in the main bill of exceptions is sufficient to give this court jurisdiction. *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047).

2. Where a demurrer to a plea is sustained, and the defendant pleads over to meet the objections pointed out by the demurrer, he will not thereafter be heard to complain of the order sustaining the demurrer.

3. "Where there is a conflict between the bill of exceptions and the transcript of the record, the conflict must be determined by inspection of the transcript."

4. Section 6184 of the Civil Code of 1910 provides that a bill of exceptions may be amended and corrected from the record, by correcting any imperfection or omission of necessary and proper allegations, but there is no provision of law for amending the bill of exceptions not by the record, but by agreement of counsel.

5. Exercising the discretion given by law, this court declines to grant the request of the defendant in error to tax the plaintiff in error with ten per cent. damages for bringing the case to this court for the purpose of delay.

6. Where a contract provides that a party securing advertisements for a newspaper shall receive fifty per cent. of the gross receipts for such advertising, and the newspaper company is to collect the accounts therefor, and suit on the contract is brought against the newspaper company, and it admits collecting a certain amount on the contract and in part pleads that "it made a diligent effort to collect all sums due on all contracts turned in by said plaintiff," and no evidence in the case is brought to this court, and the only reference thereto is contained in a bill of exceptions, where it is said, "the plaintiff introduced evidence to sustain the several allegations in his petition," this court, on considering a cross-bill of exceptions in the case, does not feel authorized to say that the judge erred in directing a verdict in favor of the plaintiff for a half only of the amount shown by the pleadings to have been collected.

DECIDED APRIL 9, 1917.

Complaint; from Fulton superior court—Judge Ellis.  December 23, 1915.

Lee Kinney sued the Georgian Company on a contract, a copy of which is as follows: "Agreement entered into this seventh day of February, 1911, between the Georgian Company, party of the first part, and Lee Kinney, party of the second part: It is proposed to publish on definite dates, to be fixed hereafter, but not later than July first, 1911, in the daily Atlanta Georgian and News, what shall be known as the triple tabloid supplements, to consist of one or more pages, to be published once a week for three

consecutive weeks. It is understood that the party of the second part shall give the necessary time and attention and assume all expenses incident to the securing of the contracts for advertising to be published in said triple tabloid supplements; each contract to cover a minimum space of two inches single column to each advertiser, with a maximum space of one page; the rates to be as follows: $3.00 per inch for each insertion; $180.00 per page each insertion; size of page to be fifteen inches deep, four columns wide. It is agreed that a list of persons or concerns to be solicited for such advertising shall first be submitted to and accepted by the party of the first part, and the party of the first part has the right to refuse any contracts brought in by the party of the second part, and can not be bound by same unless such contracts are accepted by a duly authorized agent of the party of the first part. It is further agreed by the party of the first part that of the total gross receipts of money received for such advertising the party of the second part shall be entitled to fifty per cent. of the same; and it is further agreed that all checks received in payment of such advertising shall be made payable to the party of the first part." The plaintiff alleged, that he proceeded "to secure contracts for advertising in accordance with said contract made with defendant, and the defendant accepted the same to the total amount of $14,777; that under said contract it was the duty of defendant to collect the total amount of advertising from those who contracted for same and had their advertisements published; that he did not know the amount which had been actually collected upon said contracts, but alleged that it exceeded the sum of $7,000, and that a reasonable time had been allowed the defendant to collect the said sum. He asked for interest thereon at seven per cent. per annum, and prayed for recovery in the amount of $7,388.50, besides interest, the said principal amount being one half of the total amount of the contracts accepted.

The defendant filed lengthy pleas, admitting the making of the contract; that the plaintiff had secured and turned in to the Georgian Company advertising contracts to the amount of $14,777, and that of said amount $8,283 had been collected by defendant; and, by way of counter-claim, the defendant alleged that it had been damaged by the wrongful acts of certain solicitors employed by the plaintiff to secure advertising, and asked for judgment

against the plaintiff in the sum of $10,000. The plaintiff amended his petition, by adding thereto copies of three different kinds of contracts which his solicitors secured from three different classes of advertisers. On each of these contracts was printed the following: "Conditions or representations not expressed on the original and duplicate are not holding." Defendant admitted in an amended plea that the copies of these contracts were correct. The plaintiff filed general and special demurrers to the plea, and upon the hearing thereof practically all the grounds of the demurrer were sustained and the plea was stricken. Ten days were given the defendant in which to amend. The defendant redrafted his plea and filed the redrafted plea as an amendment to the original. The plaintiff renewed the demurrers originally filed, and added others, and upon a hearing thereon the court sustained the general demurrer to the counter-claim of the defendant, and sustained certain other grounds of the demurrer. After the filing of his amended plea the defendant, on July 2, 1915, filed a bill of exceptions pendente lite to the order sustaining the demurrer to the original plea, and on November 2, 1915, a bill of exceptions to the order on the demurrer to the amended plea. On the trial of the case the plaintiff, as stated in the main bill of exceptions, "introduced evidence to sustain the several allegations in his petition." No evidence was introduced by the defendant. The judge directed a verdict in favor of the plaintiff for $4,140, principal (being one half of he amount collected), and for interest amounting to $746. The defendant excepted, and the plaintiff filed a cross-bill of exceptions.

*Anderson & Rountree,* for Georgian Company.

*Little, Powell, Smith & Goldstein,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

(2) Is there any merit in the bill of exceptions filed July 2, 1915? Defendant filed a plea with paragraphs numbered from 1 to 16. Plaintiff filed demurrers under which paragraphs 8 to 16 and parts of paragraphs 3 and 6 of the petition were stricken. This order was signed June 9, 1915, and gave the defendant ten days in which to amend. On June 19, 1915, defendant presented to the presiding judge an amendment, which was allowed and ordered filed, subject to demurrer. Several of the paragraphs of the amended plea were in the same language as those which had been

stricken by the order of June 9, 1915. Others were added to, and still others had portions thereof eliminated therefrom. The evident purpose of these changes was to make the amendment cure the defects in the original plea which were pointed out by the demurrer. Where a demurrer to a plea is filed and sustained, and the defendant pleads over to meet the objections to the original plea pointed out by the demurrer, he will not thereafter be heard to complain of the order sustaining the demurrer. *Glover* v. *S., F. & W. Ry. Co.*, 107 *Ga.* 34 (3) (32 S. E. 876) ; *Hamer* v. *White*, 110 *Ga.* 300 (34 S. E. 1001) ; *Waller* v. *Clark*, 132 *Ga.* 830 (64 S. E. 1096) ; *Southern Cement Co.* v. *Logan Coal Co.*, 136 *Ga.* 475 (71 S. E. 915) ; *A. C. L. R. Co.* v. *Hart Lumber Co.*, 2 *Ga. App.* 88 (2) (58 S. E. 316) ; *Daniel* v. *Browder-Manget Co.*, 13 *Ga. App.* 392 (4), 394 (79 S. E. 237) ; Robertson *v.* Christenson, 90 Kan. 555 (125 Pac. 567). The decision in the case of *Sikes* v. *Hurt*, 18 *Ga. App.* 197 (89 S. E. 832), cited by counsel for the plaintiff in error, is not applicable to the facts in this case.

(3) Was the bill of exceptions pendente lite, dated November 2, 1915, filed in time? This bill of exceptions pendente lite alleges that the judgment sustaining the demurrers and excepted to was rendered on the 9th day of October, 1915. The main bill of exceptions refers to the exceptions pendente lite as filed on the 2d day of November, 1915, and alleges that the order sustaining the demurrer was passed on the 25th day of September, 1915. There is thus a conflict between the main bill of exceptions and the exceptions pendente lite, as to the date of the order. To settle this conflict we must turn to the transcript of the record. This shows that the order was signed "in open court this the 25th day of September, 1915." "Where there is a conflict between the bill of exceptions and the transcript of the record, the conflict must be determined by inspection of the transcript." *James* v. *Cooledge*, 129 *Ga.* 860 (4) (60 S. E. 182) ; *Southern Ry. Co.* v. *Flemister*, 120 *Ga.* 524 (48 S. E. 160).

(4) Where the bill of exceptions is filed in the appellate court December 15, 1916, the rule announced in the preceding headnote will not be changed by a "stipulation" signed by counsel representing the plaintiff in error and by counsel for the defendant in error, dated June 16, 1916, and which is as follows: "It is stipulated between counsel for the parties in the above case that the

demurrers of the plaintiff to the amended answer of the Georgian Company, the defendant, were argued in the superior court of Fulton county, Georgia, before his honor Judge John T. Pendleton, on September 25, 1915; that at the conclusion of said argument the judge announced that he would sustain said demurrers; that the order sustaining the same was not at that time presented and signed; said order was to be prepared by plaintiff's counsel. A carbon copy of the order as entered, bearing upon it the typewritten date September 25, 1915, was sent for inspection to counsel for the Georgian Company by counsel for the plaintiff, by letter dated September 29, 1915, which stated that the order, if satisfactory, would be thereafter presented for signature. The order as drawn was not objected to. It was not in fact presented until the 9th day of October, 1915, and was signed on said date, as is recited in the bill of exceptions pendente lite dated November 2, 1915. This 16th day of June, 1916." The minutes of the superior court of Fulton county, as shown by the record in this case, show that the order referred to in the foregoing stipulation was passed on September 25, 1915, and that the superior court for that term adjourned on October 30, 1915 (see cross-bill of exceptions), more than thirty days from the date of the order and after the adjournment of the court for that term. If this court should consider the above-stated stipulation, the effect would be to amend the bill of exceptions by it. This can not be done by an agreement in conflict with the record. It is true that in the case of *Jinks* v. *State,* 115 *Ga.* 243 (41 S. E. 580), the Supreme Court acted on an admission of counsel, made in that court, that a statement in the bill of exceptions was erroneous, but that was where the admission agreed with the record. In discussing the ruling in the *Jinks* case, supra, in the case of *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359), Mr. Justice Lumpkin said: "Although the bill of exceptions recited that the motion for new trial was heard and determined during the continuance of a term, an agreement of counsel that the term of court had adjourned was considered by this court. The matter of adjournment of the superior court was one of record. The clerk of the superior court could have been required to certify to this court when the adjournment was shown by the record to have taken place, and such certificate would have prevailed over a mere recital in the bill of exceptions

on the subject. The agreement of counsel, therefore, amounted in substance to supplying this matter of record." Section 6184 of the Civil Code of 1910 provides that the bill of exceptions may be amended and corrected from the record by correcting any imperfection or omission of necessary and proper allegations, yet "there is no provision of law for counsel to agree that the bill of exceptions is wrong or lacking in material particulars, and to amend it, not by the record, but by the agreement. Such a practice might result in substantially having one bill of exceptions which the presiding judge certifies to be true and to present the case as it appeared before him, and quite a different bill of exceptions considered by this court." *Board of Education* v. *Day,* supra.

The wisdom of refusing to allow a bill of exceptions amended by such an agreement of counsel is clearly illustrated in this case. Counsel for the plaintiff in error in their brief contend that the stipulation shows that the proper date of the order is the 9th day of October, while counsel for the defendant in error insist that the same stipulation shows that the proper date of the order is the 25th of September. If the date of the order as shown by the record in the court below is erroneous, it should have been corrected by proper proceedings for that purpose. The order to which the exceptions were filed bearing date September 25, 1915, the term of superior court then in session having adjourned on October 30, 1915, and the bill of exceptions pendente lite having been signed on the 2d day of November, 1915, and it not appearing that the same was tendered to the judge prior to this time, it can not be considered by this court, because it was not "tendered during the term," nor did the court "adjourn within less than thirty days from the date of the ruling complained of." Civil Code (1910), § 6151.

(5) The foregoing rulings on questions of practice dispose of the questions raised in the bill of exceptions, but the plaintiff in error is not injured thereby. On account of the application to assess damages for delay, as well as to determine the preceding questions, we have carefully considered the case, and find no merit in any of the pleas filed by the defendant, and find that the rulings of the trial judge were correct. However, not being convinced that this case was brought to this court for delay only, and exercising the discretion given us by the law, we decline to grant

the request of defendant in error to tax the plaintiff in error with ten per cent. damages for delay.

(6) The plaintiff filed a cross-bill of exceptions, alleging error. upon the refusal of the judge to direct a verdict in his favor for one half of the full amount for which contracts for advertising were received; for half the amount uncollected as well as half the collected accounts. The original suit was brought on a contract under which the defendant was to secure advertising for the plaintiff, the publisher of a daily paper. The portions of the contract pertinent to the issue raised by this cross-bill of exceptions are as follows: "It is agreed that a list of persons or concerns to be solicited for such advertising shall first be submitted to and accepted by the party of the first part [Georgian Company], and the party of the first part has the right to refuse any contracts brought in by the party of the second part, and can not be bound by same unless such contracts are accepted by a duly authorized agent of the party of the first part. It is further agreed by the party of the first part that of the total gross receipts of money received from such advertising the party of the second part shall be entitled to fifty per cent. of same; and it is further agreed that all checks received in payment for such advertising shall be made payable to the party of the first part." Defendant pleaded in part that "it made a diligent effort to collect all sums due on all contracts turned in by said plaintiff." No evidence was brought to this court, either by the main bill of exceptions or the cross-bill of exceptions. The only reference to the evidence is contained in the main bill of exceptions, where it is said, "the plaintiff introduced evidence to sustain the several allegations in his petition." Under these conditions we do not feel authorized to say that the judge erred in directing a verdict in favor of the plaintiff for one half only of the amount shown by the pleadings to have been collected.

*Judgment affirmed on both bills of exceptions. Broyles, P. J., and Jenkins, J., concur.*