36203. McGowans *v.* Speed Oil Company, &c.

Townsend, J. 1. "All misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." Code § 81-1206; *Chattanooga, Rome &c. R. Co.* v. *Jackson*, 86 *Ga.* 676 (13 S. E. 109); *Knight's Pharmacy Co.* v. *McCall*, 181 *Ga.* 617 (183 S. E. 497); *Atlantic Coast Line R. Co.* v. *Cook*, 6 *Ga. App.* 128 (64 S. E. 665); *Carrollton Coca-Cola Bottling Co.* v. *Pace*, 56 *Ga. App.* 267 (192 S. E. 473); *Love* v. *Commercial Credit Co.*, 64 *Ga. App.* 18 (12 S. E. 2d 99); *Bell* v. *Ayers*, 82 *Ga. App.* 92 (60 S. E. 2d 523). However, "where one . . . corporation is sued for a tort, the declaration cannot be amended by substituting another as defendant, under the guise of correcting a misnomer." *Nashville, Chattanooga &c. R. Co.* v. *Edwards*, 91 *Ga.* 24 (3) (16 S. E. 347). Where it is contended that an amendment changing the name of the defendant in some particular is not in fact made for the correction of a misnomer, but is seeking, under the guise of misnomer, to add a new party defendant, which is prohibited under Code § 81-1303, this should be done by plea in abatement (*Commissioners of McIntosh County* v. *Aiken Canning Co.*, 123 *Ga.* 647 (1), 51 S. E. 585), rather than by motion to dismiss, unless this fact appears on the face of the pleadings, in which event a motion is the proper technical weapon. Code § 81-302. The only question for decision, accordingly, is whether it appears that a new party is sought to be added by amendment, or

whether it is merely to correct the name of the defendant against whom process was prayed in the first instance, since "persons against whom there is no prayer for process are not parties defendant to an action." *Seisel & Co.* v. *Wells*, 99 *Ga.* 159 (1) (25 S. E. 266).

2. While a demurrer, or an oral motion to disallow in the nature of a demurrer, admits all properly pleaded allegations, "an allegation in pleading which contradicts anything of which the court must take judicial cognizance is absolutely nugatory and will be disregarded." *Rome Ry. &c. Co.* v. *Keel*, 3 *Ga. App.* 769 (2) (60 S. E. 468). The courts of this State take judicial cognizance of the names and existence of corporations which are of record in the office of the Secretary of State, pursuant to general statutory provisions requiring them to be thus issued and recorded. *Atlanta & West Point R. Co.* v. *Atlanta, Birmingham &c. R. Co.*, 124 *Ga.* 125 (52 S. E. 320); *Railroad Commission of Ga.* v. *Macon Ry. &c. Co.*, 151 *Ga.* 256 (106 S. E. 282); *Sheppard* v. *Georgia Ry. &c. Co.*, 31 *Ga. App.* 653, 655 (121 S. E. 868); 31 C. J. S. 685, § 90. Under general law (Code, Ann. Supp., §§ 22-1803, 22-1803.1, 22-1809, and 22-1821), all corporations, whether chartered by the Secretary of State or by the superior court, must now obtain from the Secretary of State a certificate showing the corporate name and that it is not the name of any other existing corporation, and must file a copy of the name certificate with a copy of the charter in the office of the Secretary of State. The name certificate issued by the Secretary of State on application as required by statute, together with the charter filed in that office, are of record under general law in the same manner as charters issued on application to the Secretary of State and there filed as required by statute, and accordingly it is proper for the trial court and this court to take judicial cognizance that there is a corporation existing having the name of Speed Oil Company, against which process was prayed and which appeared and filed pleadings in this case. The plaintiff admits that she can not proceed against this defendant and make a case against it, and that the defendant she intended to sue is not "Speed Oil Company" but "Speed Oil Company of Atlanta." The records of the office of the Secretary of State show that there is a corporation having the name of "Speed Oil Company," which was the defendant originally named, and against which the plaintiff says that she has no case. Accordingly, the motion to dismiss the amendment was properly granted by the trial court, as to dismiss Speed Oil Company from the case and to add in its stead Speed Oil Company of Atlanta would be to add a new party defendant contrary to the inhibition of Code § 81-1303. Since the plaintiff, after the disallowance of the amendment, took the position that she could not proceed with the case, it should have been dismissed for lack of prosecution, and dismissal on motion of the defendant is complained of in the bill of exceptions only insofar as that ruling was controlled by the original ruling disallowing the amendment seeking to add a new party. Since the proper result has been reached, this court will not reverse merely for the purpose of having the trial court enter an order dismissing the case for lack of prosecution.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided May 23, 1956.

*Parker, Clary, Kent & Grubbs,* for plaintiff in error.
*Henry A. Stewart, Sr.,* contra.