### 43348. LOWE v. ATLANTA COCA COLA BOTTLING COMPANY et al.

HALL, Judge. The plaintiff appeals from the judgment of the trial court granting the defendant's motion to dismiss the petition. This case is decided in accordance with the rules governing practice that existed prior to September 1, 1967.

The petition shows that the statute of limitation for filing this action expired on April 13, 1967. The plaintiff named as a defendant in the original petition the Coca Cola Bottling Company. The return of service shows that the defendant was served at 864 West Peachtree Street by leaving a copy

with a named person in charge of the office and place of business of the corporation. On June 28, 1967, the plaintiff filed an amendment to allege that the petition was brought against the Atlanta Coca Cola Bottling Company. The defendant made a motion to dismiss the amendment on the ground that it added a new party under the guise of correcting a misnomer, and to dismiss the petition on the ground that the statute of limitation had expired. The motion alleged that at the commencement of this action there was no such corporation as the Coca Cola Bottling Company, and there was no corporation by that name doing business at the address where the plaintiff's suit was purportedly served.

Whether the corporation served with the original petition, and which filed the motion to dismiss the amendment, was in fact the corporation that owned the truck and was the employer of its driver as alleged in the petition is a matter of affirmative defense and a question of fact. Facts showing that the movant was not that corporation or that the movant was a different corporation from the corporation served with the original petition do not appear in the petition or amendment. The petition, the amendment and the defendant's motion to dismiss on their face show that the plaintiff in the original petition made a mistake in naming the party whose truck and employee were involved in the incident alleged. If this is not true the defendant may attack it by proper pleadings and proof. It does not appear from the pleadings that the amendment was for any purpose other than to correct a misnomer in the description of the defendant served in the original petition. The plaintiff had the right to amend for this purpose. *Black v. Jacobs,* 113 Ga. App. 598 (149 SE2d 190). Accord *Dillard v. Jackson's Atlanta Ready Mix Concrete Co.,* 105 Ga. App. 607, 613 (125 SE2d 656); *Johnson v. Central R.,* 74 Ga. 397; *Chattanooga, R. & C. R. Co. v. Jackson,* 86 Ga. 676 (13 SE 109); *Atlantic C. L. R. Co. v. Cook,* 6 Ga. App. 128 (64 SE 665); *Carrollton Coca-Cola Bottling Co. v. Pace,* 56 Ga. App. 267 (192 SE 473).

The case of *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (93 SE2d 597) differs from this case in that the plaintiff there had sued an existing corporation against which it appeared she had no cause of action, and sought by amendment to name as defendant another and distinct corporation. See *Parker v. Kilgo,* 109 Ga. App. 698, 702 (137 SE2d 333). It appears in

*Franklin Bank-Note Co. v. Augusta & West Fla. R. Co.,* 102 Ga. 547 (30 SE 419), that the plaintiff first intentionally sued a corporation to recover on a judgment the plaintiff held against the corporation but the corporation's charter had expired, and by amendment the plaintiff sought to convert the suit into one against individuals who had been the expired corporation's incorporators, based upon their alleged illegal acts and fraud. Obviously, that was not an amendment to correct a misnomer, but "an entirely new and distinct cause of action."

The trial court erred in granting the defendant's motion to dismiss.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 12, 1968—DECIDED JANUARY 26, 1968.

*Wyman C. Lowe,* for appellant.

*Hurt, Hill & Richardson, James C. Hill, Robert L. Todd,* for appellee.