44446. STATE FARM MUTUAL INSURANCE COMPANY v. SMITH.

Submitted May 5, 1969—Decided September 4, 1969— Rehearing denied September 23, 1969—

346

*Frank M. Gleason,* for appellant.

*William M. Campbell, John W. Love,* for appellee.

FELTON, Chief Judge. ■ The amendment in this case had one of two effects, depending upon whether the originally named party defendant, "State Farm Mutual Insurance Company," is an existing corporation, authorized to do business in this State, or not, which fact the record does not show. (a) If it is *not* an existing corporation, the amendment merely corrected a misnomer in the description of the defendant served in the original petition (now complaint); (b) If it *is* an existing corporation,

it substituted a new party defendant. We will now examine the results of both hypotheses.

If (a), above, was the situation, the amendment was properly allowed under pre-Civil Practice Act law. See *Lowe v. Atlanta Coca-Cola &c. Co.*, 117 Ga. App. 135, 136 (159 SE2d 473) and cit. As was the situation in the *Lowe* case, there was no showing here that the corporation served with the original complaint, and which filed subsequent pleadings in the case in the name designated as the party defendant by the original petition, was not in fact the corporation designated by the amended complaint, which is a matter of affirmative defense and a question of fact.

The result is apparently the same under the provisions of the CPA, the effective date of which preceded the allowance of the amendment during the pendency of the action. Ga. L. 1966, pp. 609, 610; as amended, Ga. L. 1968, pp. 1104, 1105 (*Code Ann.* § 81A-104(h)) provides as follows: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Under the circumstances of the present case, it appears that the material prejudice would result to the plaintiff's rights by the disallowance of the amendment, rather than to the defendant's rights by its allowance. Misnomer is properly raised by a motion to dismiss. United States v. A. H. Fischer Lumber Co. (CCA 4), 162 F2d 872. The record in this case contains no such motion. In the absence of the affirmative defense that the defendant who appeared and pleaded to the petition was not the party which was in fact served with process, it is presumed that they are identical and that said pleader had the authority to represent the party defendant as designated in the amended complaint. This being so, no new summons was necessary to give the court jurisdiction, as in the case where *new* parties defendant are made by amendment, since the amendment here, under hypothesis (a), was solely for the purpose of correcting a misnomer. Bowles v. Marx Hide & Tallow Co. (DC-Ky), 4 FRD 297. There is authority

for the proposition that the misnomer of the defendant in the summons is unamendable and a ground for dismissal. See Kerner v. Rackmill (DC-Pa), 111 FSupp 150; Sweeney v. Greenwood Index-Journal Co. (DC-SC), 37 FSupp 484. These cases, however, do not hold that the defendant can not waive such defect by appearing and pleading to the merits, as the present defendant has done. In fact, in Harris v. Stone, (DC-DC), 115 FSupp 531, the court approved of the practice of filing an amended complaint to cure the misnomer and, although it held that the amendment did not relate back to the filing of the original complaint so as to prevent the bar of the statute of limitation, it went on to observe that "of course *if there are facts* which would toll the running of the statute, or *which would estop the defendants from asserting the bar of the statute of limitations* the case would be different." (Emphasis supplied.) The defendant here is estopped to assert the bar of the statute of limitation by its appearance and pleading to the merits in the name designated by the original petition as party defendant (which name it has continued to use thereafter in the trial court and in this court), without filing a motion to dismiss or an affirmative defense of lack of identity with the party served.

Under hypothesis (b), i. e., that the original misnomer is in fact the name of an existent corporation, whether or not connected with the litigation—"the substitution of another entity in place of the original one constitutes the addition of another party, a new defendant, and comes within the inhibition of *Code* § 81-1303." *Parker v. Kilgo*, 109 Ga. App. 698, 702 (137 SE2d 333), citing *McGowans v. Speed Oil Co.*, 94 Ga. App. 35 (93 SE2d 597). Assuming this to have been the situation, however, the defendant and appellant here shows no harmful error as to it, since the substitution of a new party defendant, distinct from the entity in whose name the defendant answered, pleaded and continues to plead, had the effect of releasing it from the case, which was a benefit, rather than harm to it.

■ The complaint as amended, showing State Farm Fire & Casualty Co. as the party defendant throughout, states a claim against the named defendant, whether under pre- or post-

Civil Practice Act law. Therefore, the court did not err in its judgment overruling the renewed demurrer to the complaint as amended.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, and Quillian, JJ., concur. Pannell, Deen and Whitman, JJ., dissent.*

PANNELL, Judge, dissenting. Cases should be decided on the facts as shown by the record and not on hypotheses which have no basis in the record before this court. We should decide the cases before us and not indulge in purely imaginary situations which may or may not be true. Let us see what the facts are as shown by the record.

I will refer to the two defendants as the first defendant and the second defendant. 1. The petition, process, and service all relate to the first defendant. 2. All pleadings filed were by an attorney in the name of the first defendant, both before and after plaintiff's amendment. 3. Plaintiff's amendment amended the petition and process to substitute the second defendant for the first defendant, but did not amend the service of the process to show service on the second defendant, and no new process was prayed for, issued, or served on the second defendant. 4. Neither plaintiff's amendment nor any of the pleadings in the case nor anything in the record shows (a) that the first defendant was a non-existent corporation, or (b) that the second defendant ever appeared or pleaded. The majority opinion assumes (1) the second defendant was actually served with process and (2) that the second defendant appeared and pleaded in the case, but the record does not speak it. We may not presume facts outside of the record. *Luke v. Cannon*, 4 Ga. App. 538, 544 (62 SE 110).

We may decide cases on the appellant's statement of the record, if not controverted by the appellee (Rule 17(b)(1), 111 Ga. App. 890) and on admissions against interest. *Jinks v. State*, 115 Ga. 243 (41 SE 580). See also *Pace v. Harris & Son*, 9 Ga. App. 621, 622 (71 SE 1006). We cannot decide cases based on statements in the briefs, or even stipulations of the parties, unless they refer to all or a part of the record in the case. While, as both parties state in their briefs, this

court may take judicial cognizance that no corporation by the name of the first defendant was authorized to do business in this State, as it had not been registered with the Secretary of State as required by law, this does not amount to judicial cognizance that no such corporation exists. In reaching its improper conclusions based on improper assumptions, the majority rely upon a case (*Lowe v. Atlanta Coca-Cola Bottling Co.*, 117 Ga. App. 135 (159 SE2d 473)) in which the facts disclosed by the record are entirely different from those shown by the record here. In that case, the original petition was against Coca-Cola Bottling Company and process issued accordingly, and the return of service showed service on Coca-Cola Bottling Company at a certain address in the City of Atlanta. Up to this point, that case and this case are the same, but from then on they are entirely different. In the *Lowe* case, the second defendant, the Atlanta Coca-Cola Bottling Company on April 27, 1967, filed a motion to dismiss claiming the statute of limitation had run on the cause of action and on the same date filed an answer admitting it had received the service at its place of business, and also on the same date filed a demurrer. In these pleadings, the Atlanta Coca-Cola Bottling Company admitted it had received the service of the summons and process and admitted there was no such corporation as Coca-Cola Bottling Company, the first defendant. On June 28, 1967, the plaintiff amended his petition so that it would be against the Atlanta Coca-Cola Bottling Company, and new process was issued and was served on the new named defendant, and the new named defendant then filed another motion to dismiss on substantially the same grounds as the motion it had previously filed. The court, in the *Lowe* case, accordingly ruled that the amendment to the petition was merely to correct a misnomer, and the plaintiff had a right to so amend. In following the *Lowe* case, the majority erroneously assumed that the facts were the same, when they were actually diametrically opposed, and in doing so passed upon two questions which are not raised by the enumerations of error that is, (1) that the amendment was properly allowed, and (2) that the statute of limitation had not run on the action. Both

of these questions were argued very vociferously in the brief of the appellant but the only enumeration of error was that the trial court erred in overruling the appellant's (the first defendant's) renewed general demurrer to the petition as amended (treated here as a motion to dismiss). The majority by straining at a hypothetical gnat have swallowed the camel.

*As I see the case, if there be no such corporation as the first defendant (as assumed by the majority) then we have no person as party appellant in this appeal and the appeal should be dismissed.* If I am correct in my conclusion that so far as the record shows the first defendant is an actual corporation and the second defendant is a different corporation, then I agree with the majority that the first defendant on appeal has no right to complain and the trial judge should be affirmed in his refusal to sustain its demurrer, it no longer being a party to the case because of the amendment substituting a new defendant. It no longer being a party, it cannot complain of the failure of the trial judge to sustain its demurrer to the plaintiff's petition.

The misconstruction of the record and the indulgence in assumptions by the majority would do no harm in this case (an affirmance or dismissal results in either instance) except for the result it reaches as to the status it gives the case in the court below in the event these assumptions turn out to be true. Let us repeat these assumptions. They are (1) that the pleadings filed in the case were in the name of a non-existent corporation and were filed by authority of the second defendant, and (2) the second defendant actually received the process and summons purportedly served on the first defendant. Under these circumstances, the second defendant, having received the summons, was duty bound to respond thereto, either to set forth that it was not the person named in the summons served upon it or to plead that it was improperly named and that the name of the first defendant was a misnomer. It did neither one. Instead, it appeared and pleaded in the name of a non-existent corporation obviously for the purpose of securing a dismissal of the suit (the policy sued upon was actually issued by it, the second defendant, rather

than the first defendant) and then to claim upon a renewal of the suit against it in a proper name, that the statute of limitation had run on the action between the two filings. That this was the intent and purpose is shown by the brief filed in the name of the non-existent corporation in this court contending most strenuously that the amendment naming the corporation which issued the policy as a defendant added a new party and therefore the statute of limitation had run on the cause of action and insisting most strenuously that the court erred in allowing the amendment adding a new party defendant, none of which contentions is supported by any enumeration of error. If the second defendant actually received the service and filed pleadings in the name of a non-existent corporation, the first defendant named, even after it had been properly named in the pleadings as a defendant by amendment, then the second, and properly named defendant has never legally appeared and pleaded, the name in which it appeared and pleaded being the name of no legal person whatsoever. The purpose, of course, in so pleading, and even appearing to this court in the name of the non-existent corporation, is obvious, and if successful (as the majority permit it to be) could amount to fraud on the court and the plaintiff. The second named defendant not having appeared and pleaded, the case is in default as to it; it having been served with process (the majority assumes) and made no appearance in response thereto. This is the proper result based upon the majority's assumptions. We should not reward the deliberate non-appearance of a party actually served by calling it a proper appearance.

If the assumptions of the majority are correct, the case should be dismissed, as there is no legal person prosecuting this appeal and any judgment rendered herein would be ineffective. If the majority's assumptions are incorrect, the case should be affirmed. In either event, no decision is authorized on questions not enumerated as error (the appearance of the amendment and the questions relating to whether or not the statute of limitation has run against the asserted claim) and I dissent from such rulings and the reasons given in support thereof.

WHITMAN, Judge, dissenting. I dissent from the majority

opinion which holds that the trial court did not err in its judgment overruling the renewed demurrer to the complaint as amended. In my opinion the demurrer should have been sustained and the complaint as amended dismissed.

I am authorized to state that Judge Deen concurs in this dissent.