### 46747. POWELL et al. v. FERGUSON TILE & TERRAZZO COMPANY.

CLARK, Judge. The plaintiff-appellee filed suit against Mr. and Mrs. Edwin Powell alleging that the defendants were indebted on an account in a certain amount. Plaintiff's complaint attached a statement of the "account" in

which the only itemization was the word "contract," plus one extra charge and certain payments credited to the defendants.

In the original complaint plaintiff was identified as "Ferguson Tile & Terrazzo Company." The defendants made a motion to dismiss the complaint on the ground that Ferguson Tile & Terrazzo Company was not a legal entity. Another motion to dismiss was made on the ground that the complaint did not state a claim for which relief could be granted. Defendants also filed a motion for a more definite statement, in response to which plaintiff filed an amendment to the complaint so as to show the plaintiff as "Robert H. Ferguson, d/b/a Ferguson Tile & Terrazzo Company." Plaintiff's amendment also attached to the complaint, as an exhibit, a contract in the form of a proposal submitted by Ferguson Tile & Terrazzo Company to Robert Haze, which showed an acceptance by Haze. It was alleged in the complaint that Haze had accepted the proposal, and the work done thereunder, on behalf of the defendants as their agent and builder.

Defendants moved the court to enter a judgment on the pleadings upon the ground the complaint showed plaintiff had contracted with Robert Haze and not the defendants, and that there was no privity of contract between plaintiff and defendants.

The defendants' motions to dismiss and motion for judgment on the pleadings were denied. A trial was had with the jury finding in favor of plaintiff for the full amount claimed. Defendants appeal from the judgment entered upon the verdict.

1. Defendants contend that the original complaint was not brought by a legal entity and was therefore void and unamendable; that it was error to deny their motion to dismiss made on this ground. "A suit may be instituted in the trade name of the plaintiff if it imports a legal entity." *Cheek v. J. Allen Couch & Son,* 125 Ga. App. 438 (4). See also *John L. Hutcheson Memorial Hospital v. Oliver,* 120 Ga. App. 547 (171 SE2d 649).

"It is no longer issuable that under Georgia procedure the name of either a plaintiff or defendant may be corrected by amendment prior to judgment *so long, at least, as the name by which the originally designated party is described imports a person, firm, or corporation, even though it is in fact not so.* By laying this premise we immediately do away with any discussion or possible conflict between *Western &c. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978) and other cases, where the name of one or the other parties does not import a legal entity in the first instance. We do away with any distinction between cases where the amendment affects the name of the plaintiff and cases where the name of the defendant is affected by the rule set out in *Eslinger v. Herndon,* 158 Ga. 823, 826 (124 SE 900)." (Emphasis supplied.) *Parker v. Kilgo,* 109 Ga. App. 698, 701 (137 SE2d 333). Cf. *State Farm Mut. Ins. Co. v. Smith,* 120 Ga. App. 345 (1) (170 SE2d 716); *Moody AFB Fed. Credit Union v. Kinard,* 116 Ga. App. 163 (156 SE2d 526); *Atlanta Veterans Transportation, Inc. v. Westmoreland,* 123 Ga. App. 466 (181 SE2d 504); *Lowe v. Atlanta Coca Cola &c. Co.,* 117 Ga. App. 135 (159 SE2d 473).

What is prohibited is amending to change from the party first named to the party intended to be named *where the party first named does in fact exist.* In such case the amendment does amount to the addition of a new party or a change of parties. *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (93 SE2d 597).

In the present case the plaintiff was named in the complaint as "Ferguson Tile & Terrazzo Co." and described in the body of the complaint as a "Georgia corporation." Thus, a legal entity was imported. By an amendment, which was allowed filed, the complaint was amended to show the plaintiff as "Robert H. Ferguson, d/b/a Ferguson Tile & Terrazzo Co." Since no such Georgia corporation in fact existed, the amendment did not add a new party or change parties; rather it merely corrected a

misdescription or misnomer. The trial court therefore did not err in allowing the amendment filed and in denying defendant's motion to dismiss made on the ground that there was no proper party plaintiff.

2. In connection with defendants' motion to dismiss for failure to state a claim and motion for judgment on the pleadings, the denials of which are enumerated as error, defendants strongly contend that the contract upon which plaintiff relies shows on its face that it was a contract between plaintiff and Robert Haze and not between plaintiff and defendants.

It is true as a general rule that a person who is not a party to a contract (i.e., is not named in the contract and has not executed it) is not bound by its terms.

However, as appears from *Colt Co. v. Hiland,* 35 Ga. App. 550 (1) (134 SE 142), it is also the law that: "'[W]here a contract in writing not under seal, and other than a negotiable instrument, is made in another name than that of the real principal, the real principal can sue and be sued. Beckham v. Drake, 11 Mees. & Wel. 315. It may possibly require some subtlety and refinement of reasoning to take this principle out of the operation of the rule that a written instrument can not be added to, varied, or explained by parol. However, the distinction is firmly established in our jurisprudence, and is in the interest of fair dealing, that the real party to the contract, though his name may not appear therein, in the adjustment of disputes arising out of that contract between the contracting parties, should be allowed both to sue and be sued. Metcalf v. Williams, 104 U. S. 93, 96.' *Burkhalter v. Perry,* 127 Ga. 438, 442 (56 SE 631, 119 ASR 343)."

In the present case, while the defendants themselves did not sign the acceptance of the contract proposal, the defendants' name appears on the face of the proposal as the intended recipients of the subject matter (i.e., labor and materials for installing tile and floor materials in bathroom, kitchen, and living areas of a house). The matter of the true relationship of the apparent parties to

the contract and the parties named in the complaint would be a matter of proof. We find that the complaint states a claim for relief and the trial court did not err in denying both the motion to dismiss and the motion for judgment on the pleadings. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260).

3. Defendants enumerate as error the allowance, over objection, (1) of testimony by the plaintiff as to the party with whom he had contracted, (2) of testimony by Robert Haze as to the capacity in which he accepted the contract proposal, and (3) of testimony by Robert Haze as to the reasons for his signature appearing on the document. The objection was made on the ground that the testimony was a violation of the parol evidence rule.

There was no error. Where it does not vary the terms of a contract evidence is admissible to show for whose benefit the contract was made or the real party at interest. *Colt Co. v. Hiland,* 35 Ga. App. 550, supra; *Watts v. Taylor,* 36 Ga. App. 537 (137 SE 119); *U. S. Fidel. &c. Co. v. Coastal Service, Inc.,* 103 Ga. App. 133, 137 (118 SE2d 710).

4. Robert Haze testified that his relationship with the Powells was by virtue of a written agreement under which he was to act as their agent in getting their new house finished. He testified under his agreement with the Powells the Powells were to make the payments to those doing work on the house. Upon further questioning, Haze affirmed that he also did "general contract work" and as a general contractor, under a "straight" contract, he made payments to materialmen. Defendants objected to the testimony as irrelevant. The court overruled the objection and allowed the testimony for the limited purpose of showing "custom in the trade."

Evidence bearing on the relationship of Haze in the matter at hand was certainly relevant. The relationship he or others may have held in other matters on other occasions was not as relevant except to the extent that the custom

of the trade may have given him an apparent or implied status upon which those dealing with him might rely. The court did not err in allowing the testimony over the objection made. "Evidence itself irrelevant may nevertheless be so interwoven with relevant testimony as to require its admission in elucidation of the relevant." *Hodnett v. Hodnett*, 99 Ga. App. 565 (1) (109 SE2d 285). The exact relationship between Haze and Powell was made clear by their written agreement which was introduced in evidence.

5. During the direct examination of Haze concerning the nature of the agreement he had with Powell, Haze was asked if he had been paid and he answered, "No, sir." Defendants' counsel interposed: "We move for a mistrial, we would like for the court to instruct the jury that this is clearly irrelevant." The court denied the motion and instructed the jury that the suit did not involve any claim of Haze, that it was irrelevant and should be disregarded by the jury in their consideration of the case. "The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Citations.]" *Newton v. Cohen-Walker-Bailie*, 111 Ga. App. 753 (1) (143 SE2d 14). The impropriety of the question and answer is beyond doubt. However, we find no abuse of discretion in denying the motion for mistrial and note further that the jury was instructed precisely as requested.

6. The last remaining enumeration of error is the denial of defendants' motion for directed verdict. The evidence as it stood at the time of the motion was subject to more than one construction. It did not demand a verdict for either party. The trial court did not err in denying the motion. *Kesler v. Kesler*, 219 Ga. 592 (134 SE2d 811); *Code Ann.* § 81A-150 (a).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 5, 1972—DECIDED FEBRUARY 15, 1972—

REHEARING DENIED MARCH 9, 1972—

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright*, for appellants.

*Walker & Yancey, Reuben H. Yancey*, for appellee.