63670. MORGAN v. GMC TRUCKS et al.

SOGNIER, Judge.
Morgan alleges he was injured on December 8, 1978 when the tractor-trailer truck he was driving became unstable and uncontrollable, and went off the road. On December 3, 1980 he filed the instant personal injury action against several alleged manufacturers, distributors and sellers of the tractor-trailer, including defendant "Quality Trucks, Inc., a/k/a Quality GMC Trucks, Inc." (hereafter Quality Trucks). The complaint was served on Harvey Hisaw, president and registered agent of Quality Trucks, on December 8, 1980. On January 6, 1981 Quality Trucks filed an answer and a motion to dismiss on the grounds that the complaint failed to state a claim against it, as the corporation was not in existence when plaintiff's cause of action arose; it was not a proper party defendant; and it was improperly served because Quality Trucks was a legal stranger to Morgan's cause of action. Quality Trucks also alleged that any cause of action by Morgan would be against Quality GMC Trucks, Inc. (hereafter Quality GMC), a separate and distinct corporation which had been dissolved on September 19, 1979.

On February 3, 1981 a copy of the complaint was served on Samuel Gloyd, president of Quality GMC at the time of its dissolution. Quality GMC filed a motion to dismiss for lack of jurisdiction, insufficiency of service and on the ground that all of Morgan's alleged claims were barred by the statute of limitations. Without waiving the issues raised by the motion, Quality GMC simultaneously filed an answer. On September 16, 1981 Morgan filed a motion for leave to amend his complaint in order "to add Quality GMC Trucks, Inc., a Dissolved Corporation, Samuel W. Gloyd, William R. Gloyd, and Samuel S. Gloyd, Individually, as Officers and Shareholders" as party defendants. On September 22, 1981, after a hearing on all motions and hearing arguments of counsel, the trial court granted the motions to dismiss of Quality Trucks and Quality GMC, and denied Morgan's motion to amend his complaint. Morgan appeals these rulings.

1. Appellant has presented no argument or citation of authority in support of his contention that it was error to grant appellee Quality Trucks' motion to dismiss. Accordingly, we consider the enumeration of error abandoned pursuant to Rule 15 (c) (2) (Ga. Code § 24-3615 (c)(2)).

2. Appellant acknowledges that Quality GMC was a separate and distinct corporation from Quality Trucks. Quality GMC's motion to dismiss was on the grounds it was not subject to the jurisdiction of the court; that there was insufficiency of process and service of process; that the complaint failed to state a claim against it; and it was not a proper party defendant. Thereafter plaintiff filed his motion for leave to amend his complaint to add Quality GMC, a dissolved corporation, and its individual officers and shareholders, as defendants.

The initial question to be resolved, since the complaint was filed within the statutory period of limitation, is whether the designation in plaintiff's original complaint "Quality Trucks, Inc. a/k/a Quality GMC Trucks, Inc." was sufficient to make Quality GMC a party defendant. If so, the fact that service was made after the statutory period of limitation had expired for the filing of complaints would not necessarily bar the claim. *Hunt v. O'Neal,* 143 Ga. App. 313 (238 SE2d 286) (1977).

The word "alias" is defined as follows: "Term used to indicate another name by which a person is known. Short for 'alias dictus'; otherwise known as (a.k.a.). When used in connection with a description of a person, it indicates that he has used or been known by another name. John v. Tribune Co., 24 Ill. 2d 437, 181 NE2d 105, 107." Black's Law Dictionary, Fifth Edition, 1979, p. 66. It is apparent from the definition that a.k.a. means another name by

which the person designated initially is known. Applying this definition to "Quality Trucks, Inc. a/k/a Quality GMC Trucks, Inc.," Quality GMC Trucks, Inc. is merely another name by which Quality Trucks is known; in short, they are one and the same. Thus, Quality GMC was not named in the original complaint. This construction is supported by the fact that appellant's motion to amend was to *add* Quality GMC &c. as party defendants. Implicit in this motion is an acknowledgment that Quality GMC &c. were not named as party defendants in the original complaint.

In *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (93 SE2d 597) (1956), the plaintiff filed suit against Speed Oil Company. The plaintiff learned that Speed Oil Company of Atlanta, a separate and distinct corporation, was the corporation she intended to sue, and she then filed a motion for leave to amend by substituting Speed Oil Company of Atlanta as defendant in lieu of Speed Oil Company, against whom she had no cause of action (as is the case here in regard to Quality Trucks). In upholding the trial court's denial of the motion to amend, we held: "However, 'where one . . . corporation is sued for a tort, the declaration cannot be amended by substituting another as defendant, under the guise of correcting a misnomer.' " Id. We went on to hold that "to dismiss Speed Oil Company from the case and to add in its stead Speed Oil Company of Atlanta would be to add a new party defendant . . ." Id., at 36 (2). See also *Parker v. Kilgo,* 109 Ga. App. 698, 702 (137 SE2d 333) (1964); *Lowe v. Atlanta Coca Cola &c. Co.,* 117 Ga. App. 135, 137 (159 SE2d 473) (1968). In *Parker* we stated: *"McGowans v. Speed Oil Co. . . .* points up the distinction: if the original misnomer or trade name is *in fact* the name of an existent [corporation], whether or not connected with the litigation, the substitution of another entity in place of the original one constitutes the addition of another party, a new defendant . . ." supra, at p. 702.

Applying these rules to the instant case, we find that appellees Quality GMC &c. were not named as party defendants in the original complaint. As the two-year statute of limitation for personal injury action (Ga. Code § 3-1004) expired on December 7, 1980, and Quality GMC was not served until February 3, 1981, it was not served before expiration of the period allowed by the statute of limitation. Two of the five requirements which must be met before an amendment to the complaint changing the party defendant will relate back to the date of the original complaint are that "the new defendant received such notice of the original filing of the action 'within the period provided by law for commencing the action against him;' " and that "the new defendant knew or should have known that but for a mistake concerning the identity of the proper party, the action would have

been brought against him." *Rich's, Inc. v. Snyder,* 134 Ga. App. 889 (216 SE2d 648) (1975). Since Quality Trucks and Quality GMC were separate and distinct corporations, with no relationship between them as to officers, stockholders, business dealings, or otherwise, there is nothing to indicate that Quality GMC received notice of the original filing, or that it knew or should have known that it was a proper party. Accordingly, the trial court did not err in granting Quality GMC's motion to dismiss and in denying appellant's motion for leave to amend his complaint.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 15, 1982—
REHEARING DENIED JULY 23, 1982— ▪▪▪▪▪▪▪▪

*Jack T. Brinkley, Jr., Billy E. Moore,* for appellant.
*Baxter Harcourt, Albert W. Stubbs, Laney Bridgers, Otis Smith, James H. Bratton, Jr., Ray Allison,* for appellees.