40738. FRANKLYN GESNER FINE PAINTINGS, INC. v. KETCHAM.

MARSHALL, Presiding Justice.

Franklyn Gesner sued Ray Ketcham, Jr., claiming fraud and breach of contract in the sale of two paintings purportedly created by artist Martin Johnson Heade. During discovery, it became apparent that the purchaser was not Gesner, but his closely held corporation, Franklyn Gesner Fine Paintings, Inc. Ketcham's subsequent motion to dismiss was denied, and the trial judge then granted the plaintiff's motion to substitute Franklyn Gesner Fine Paintings, Inc., in place of Gesner individually, as party plaintiff. The trial judge denied the defendant's motion to strike the substitution and denied his renewed motion to dismiss. In the defendant's interlocutory appeal, a six-judge majority of the Court of Appeals reversed. *Ketcham v.*

*Franklyn Gesner Fine Paintings, Inc.,* 169 Ga. App. 329 (312 SE2d 639) (1983). We granted certiorari, and reverse.

OCGA § 9-11-17(a) (Code Ann. § 81A-117) provides in part: "Every action shall be prosecuted in the name of the real party in interest . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or *substitution* of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis supplied.)

The Court of Appeals' majority opinion held that the above statute does not in and of itself *authorize* the substitution of parties or provide any method by which substitution may be accomplished, but merely postpones any dismissal of the action for lack of prosecution by the real party in interest by allowing the "erring party" a reasonable time to remedy its mistake by utilizing the appropriate procedure as provided "in the relevant statute." The majority opinion then concludes that the corporation was not added as a party by *amending,* but instead sought by its motion to *substitute* itself for the individual original named plaintiff; that the only statute authorizing such substitution of parties is OCGA § 9-11-25 (Code Ann. § 81A-125); and that that statute limits the use of substitution to instances involving the death or incompetency of a party, the transfer of interest in an action, or the transfer of an action to a successor in public office — none of which is applicable to the situation here.

In our opinion, the Court of Appeals' holding results from an overly restrictive construction of the term "substitution" in OCGA § 9-11-17(a) (Code Ann. § 81A-117). We do not read OCGA § 9-11-25 (Code Ann. § 81A-125) as limiting substitution of parties to just those instances enumerated therein, each of which involves a change in the status of a party. Under OCGA § 9-11-15(c) (Code Ann. § 81A-115), it is permissible to amend the original pleadings so as to change the party against whom a claim is asserted (and also the party plaintiff, *Gordon v. Gillespie,* 135 Ga. App. 369, 375 (217 SE2d 628) (1975) and cit.), which amendment relates back to the date of the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; and if "within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have

known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

In *Block v. Voyager Life Ins. Co.,* 251 Ga. 162 (303 SE2d 742) (1983), we noted that "amendments to change the name of a party are permitted so long as the original party designation describes a person, firm or corporation [even though it is in fact not so]"; that "the pleadings are not an end in themselves but only a method to assist in reaching the merits of the case [Cit.]"; and that "[t]he courts shall construe the pleadings 'as to do substantial justice,' " citing OCGA § 9-11-8(f) (Code Ann. § 81A-108). "It is an elementary rule of pleading that substance, not mere nomenclature, controls." *McDonald v. State,* 222 Ga. 596, 597 (1) (151 SE2d 121) (1966) and cits. Under the above rationale, our courts have permitted amendments of designations of parties plaintiff, e.g., from "Ferguson Tile & Terrazzo Co." to "Robert H. Ferguson, d/b/a Ferguson Tile & Terrazzo Co." (*Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683 (188 SE2d 901) (1972)), and from "Estate of Frank G. Bagley" (not a legal entity) to "Block" (the executor of the estate). *Block,* 251 Ga. 162, supra. In *Block,* we held that "where the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment." As to the terminology of "amendment" as opposed to "substitution," we held there that "the pleadings may be *amended* to *substitute* a named party plaintiff when suit is filed in the name of a party which is not a legal entity." (Emphases supplied.) (We note that the substitution in *Block* was not objected to by the defendant.)

As a further illustration of the liberal policy of the Civil Practice Act as to amendment, OCGA § 9-11-21 (Code Ann. § 81A-121) states (with regard to misjoinder) that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

We can see no injustice in permitting the amendment of the pleadings here so as to substitute as the party plaintiff the corporation — the real party in interest — for the individual by whom the corporation was closely held. No problem of service exists. The individual was originally designated as the plaintiff because he was the active party participant in the purchase, even though his corporation paid the bill. The defendant was not misled or deceived. The amendment was petitioned by motion, and authorized by order of the court after a hearing. Thus, whether the change be considered a "substitution" under OCGA § 9-11-17 (Code Ann. § 81A-117), an "addition and deletion" under OCGA § 9-11-21 (Code Ann. § 81A-121), or an "amendment" under OCGA § 9-11-15(c) (Code Ann.

§ 81A-115), we hold that it was authorized under the liberal policy of the CPA. To the extent that they conflict with this holding, we overrule and decline to follow cases which stand for the proposition that it is prohibited to amend to change from the party first named to the party intended to be named *where the party first named does in fact exist* (as here), in which case the amendment was held to amount to the addition of a new party or a change of parties. See, e.g., *Morgan v. GMC Trucks,* 163 Ga. App. 206 (2) (294 SE2d 350) (1982) and cits.; *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, supra, p. 685; *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (93 SE2d 597) (1956).

The trial judge did not err in granting the plaintiff's motion to substitute and in denying the defendant's motion to strike the substitution and dismiss the action. Therefore, the judgment of the Court of Appeals reversing the trial court is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 25, 1984 —
REHEARING DENIED MAY 15, 1984.

*Johnson & Montgomery, Harmon W. Caldwell, Jr., Wade H. Watson III,* for appellant.
*Richard C. Freeman III, Gary G. Agnew,* for appellee.